[Civ. No. 2066. First Appellate District.—July 7, 1917.]

THE PEOPLE, Plaintiff, v. CALIFORNIA SAFE DEPOSIT & TRUST COMPANY (a Corporation) et al., Respondents; GEORGE S. SMITH, Petitioner and Appellant.

INSOLVENT CORPORATION—CLAIM FOR RENTALS—LACK OF PREFERENCE.— Where a corporation, in consideration of the cancellation of an existing lease and the issuance to it of a new lease, agreed to pay the former lessee a monthly amount, and thereafter the corporation became insolvent, and the lessor compromised her claim against the corporation, the former lessee is not entitled to have her claim made a preferred claim, or to have the same imposed as a lien on the property of the lessor.

ID.—INTEREST ON CLAIM.—Where under prudent management the assets of an insolvent corporation will pay its obligations in full, a creditor whose claim is based upon a written instrument is entitled to interest upon his claim from the date the respective sums making up its aggregate became due and payable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

De Laveaga & Magee, for Respondents.

RICHARDS, J.—In this action, originally instituted for the purpose of having the defendant California Safe Deposit & Trust Company declared an insolvent corporation and for the administration of its assets, the appellant herein intervened, setting up certain facts upon which he claimed to be entitled to recover judgment for the sum of two thousand dollars and interest, and to have certain other and further relief.

The facts out of which his claim arose are substantially undisputed and are as follows: During the month of July, 1906, the appellant was a lessee for a term of years of one Leonide G. Auzerais of certain premises described in his petition.   The California Safe Deposit & Trust Company desired to secure a lease of said premises for its own uses.   Accordingly Mrs. Auzerais, the appellant, and the representatives of said corporation came together in an understanding whereby the appellant's lease was canceled and a new lease was made by Mrs. Auzerais to the corporation for a term of five years with certain privileges of renewal.   As the consideration for the cancellation of the appellant's lease the said corporation entered into an agreement with him, whereby it agreed to pay him two hundred dollars per month for the period of the five year term of its lease, and, in the event of its renewal, to pay him said sum of two hundred dollars per month during the further period of five years.   There were certain other agreements not material to this controversy in view of later developments.   In the latter part of the year 1907 the said corporation became insolvent, and this action was instituted by the state of California for the administration of its affairs.   Not long thereafter Mrs. Auzerais applied to the court in which said proceeding was pending for leave to bring an action in ejectment against said insolvent, alleging the termination of its lease through the insolvent's failure to com-

ply with its terms. The court denied her petition, but permitted the receiver to compromise the matter with her by a surrender of the premises and a cash payment of four thousand dollars. Thereafter the appellant filed his petition in said court asking for certain relief under the terms of his foregoing agreement. His first prayer was for the payment to him of a sum of two thousand dollars, with interest at the rate of seven per cent per annum from the dates when the respective monthly payments aggregating said sum fell due, and for an accounting as to such further amounts as might be found due under his agreement with the insolvent corporation; that such sums should constitute and be a preferred claim against said insolvent, and should also be decreed to be a lien on the said property of Mrs. Auzerais. The trial court found that there was due to the appellant the principal sum of $1,535 upon his agreement with said corporation, and gave judgment for said amount as a common claim, to be paid in the same manner as other common claims in due course of the liquidation of the affairs of the corporation; but the trial court refused to allow the appellant any interest on the sums of monthly accruing payments aggregating the said sum for which it gave its judgment in appellant's favor, and also denied the prayer of the appellant to have the said claim made a preferred claim or to have the same imposed as a lien upon the property of Mrs. Auzerais.

We are entirely satisfied that in so far as the judgment of the trial court refused to give preference to the appellant's claim, and declined to impose it as a lien upon Mrs. Auzerais' property, its judgment was correct, and hence will not be disturbed upon this appeal; and in so far as its said judgment awarded to the appellant the sum of $1,535 and no more as the principal sum due him upon his agreement with the corporation, its conclusions are also correct; but as to the right of the appellant to have interest allowed upon his claim, we think the trial court was in error.

The appellant's right to interest is based upon section 1917 of the Civil Code, by which interest at the legal rate of seven per cent is payable upon all moneys that have become due upon any instrument in writing. This right of the appellant is as substantial as his right to receive the principal sum due him upon such written agreement. The Bank Act of California is silent upon the subject of the power of the court in

the matter of the allowance of interest upon claims against an insolvent corporation. The cases to which we are referred by the respondent are cases arising either under statutes expressly providing that no interest shall be allowed upon such claims, or dealing with instances where the assets of the insolvent are shown to be insufficient to meet its obligations in full, including interest. In the case before us the record nowhere discloses that the assets of the insolvent corporation will not, under prudent management, pay its obligations in full; and this being so, we think the better rule is that adhered to in the case of *American Iron & Steel Mfg. Co.* v. *Seaboard Air Line Ry. Co.*, 233 U. S. 261, [58 L. Ed. 949, 34 Sup. Ct. Rep. 502], that interest should be allowed on all claims during receivership, and that if, as a result of good fortune or good management, the estate shall finally prove sufficient, both interest and principal should be and would be paid in full.

In the case before us the judgment merely establishes the status and amount of the claim, leaving its settlement to await the ultimate distribution of the assets of the corporation. We are therefore of the opinion that the judgment should be so modified as to provide for the allowance of interest upon the appellant's claim from the date the respective sums making up its aggregate became due and payable, and that the cause be remanded to the trial court for the purpose of making such modification, and that otherwise the judgment should be affirmed. It is so ordered.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.