[L. A. No. 4536. In Bank.—August 10, 1917.]

## HAMILTON B. DUNCAN, Appellant, v. ELIZABETH DUNCAN, Respondent.

APPEAL—JUDGMENT FOR DIVORCE—MOTION TO DISMISS.—A motion to dismiss the husband's appeal from a judgment of divorce upon the ground that he had accepted benefits under the judgment should be denied, where it appears that the judgment, by stipulation of the parties, determined their property rights and the benefits alleged to have been accepted by the husband consisted of the compliance by both parties with the agreed portions of the judgment which were independent parts of the decree.

Id.—Acquiescence in Judgment.—To bar the right of appeal on the ground of acquiescence, the acts relied on must be such as to clearly and unmistakably show acquiescence, and it must be unconditional, voluntary, and absolute.

Id.—Acquiescence as to One of Several Distinct Matters.—Where a judgment relates to two or more distinct matters, acquiescence as to one will not bar an appeal as to the others.

MOTION to dismiss appeal from judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Peyton H. Moore, for Appellant.

Oscar Lawler, and A. I. McCormick, for Respondent.

SLOSS, J.—Motion to dismiss appeal. The action is one for divorce instituted by the husband. The wife answered and filed a cross-complaint asking that a divorce be granted her. The complaint alleged that two pieces of real estate standing of record in the name of the wife were community property, and asked for a decree so declaring. The answer claimed that all this property was the separate estate of the wife.

Findings were waived, and the court made its interlocutory decree, adjudging that the defendant was entitled to a divorce from the plaintiff. It further adjudged that one of the parcels described in the complaint was the separate property of the wife and that the other was the community property of the parties. The plaintiff appeals from the judgment.

The motion to dismiss the appeal is based upon the ground that the plaintiff and appellant has, since the taking of his appeal, accepted the fruits and benefits of the judgment which he now seeks to attack. By affidavit it is made to appear that, since the making of the interlocutory decree, and since the taking of the appeal, the wife (respondent in this appeal) has been in possession of the property adjudged to be community estate, and received the rents thereof. She has, however, pursuant to the judgment and the appellant's demand, accounted to him for one-half of said rents, and has paid one-half of the installments due on a mortgage, and

one-half of all other charges against said property, the other half thereof being paid by plaintiff.

It appears that while the notice of appeal is general in its terms, the only points raised by appellant in his brief relate to the determination that he is not, and that defendant is, entitled to a divorce. No question is raised concerning the adjudication of property rights, and when we come to look at the decree, we see that no such question could be raised. The decree recites that the disposition made of both pieces of property described in the complaint is founded upon the stipulation of the parties made in open court. The payments mentioned in the affidavits of the moving party were payments called for by the terms of the stipulation thus carried into the decree. In order to bar the right of appeal on the ground of acquiescence, "the acts relied upon must be such as to clearly and unmistakably show acquiescence, and it must be unconditional, voluntary, and absolute. And, where a judgment or decree relates to two or more distinct matters or demands, acquiescence therein as to one of such matters or demands will not bar an appeal as to the others." (3 C. J. 665, 666; *Coffman* v. *Bushard,* 164 Cal. 663, [130 Pac. 425].) The issues regarding the status of the property were removed from controversy by the agreement of the parties, and were thus severed from the dispute over the right to a divorce. The decree, and the stipulation carried into it, evidently contemplated that the terms of the agreement were to be carried into effect at once. It cannot fairly be held that either party, by complying with this agreement, waived the right to appeal from other and independent parts of the decree.

The motion to dismiss is denied.

Shaw, J., Victor E. Shaw, J., *pro tem.,* Henshaw, J., Melvin, J., and Angellotti, C. J., concurred.