[Civ. No. 2663.   First Appellate District, Division One.—April 21, 1919.]

## HENRY CONLIN, etc., Appellant, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent.

[1] EMINENT DOMAIN—VALUE OF LAND—TIME—INSTRUCTION.—In this action to recover the value of certain land appropriated by the defendant for railroad purposes, the court properly instructed the jury that in considering the *value* of the land and fixing the amount of compensation which the plaintiff was entitled to recover, such *value* was to be determined as of the time of the taking of the property by the defendant.

[2] ID.—COMPENSATION—MARKET VALUE.—In such a case, the just compensation to which the plaintiff is entitled is the fair and reasonable market value of the land at the time of the taking, to wit, the highest price in terms of money which the land would bring, if exposed for sale in the open market, with reasonable time allowed in which to find a purchaser, buying with knowledge of all the uses and purposes to which it was adapted, and for which it was capable of being used.

[3] ID.—JUDGMENT—ALLOWANCE OF INTEREST—MODIFICATION ON APPEAL.—On appeal from the judgment in such an action, the appellate court has power to make an order remanding the cause with directions to the trial court to modify the judgment by including interest on the amount of the judgment, provided plaintiff is entitled to such interest and has not by some act of his own estopped himself from seeking such relief.

[4] ID.—GENERAL VERDICT—DISSATISFACTION WITH—REMEDY.—Where in such action the jury returned a general verdict for a lump sum, no mention being made of either the value of the land or interest thereon, if plaintiff was dissatisfied *with the judgment entered in accordance therewith,* he had a direct remedy by motion for a new trial or by appeal.

[5] JUDGMENTS—ACQUIESCENCE IN—WAIVER OF OBJECTIONS.—If a person voluntarily acquiesces in, or recognizes the validity of a judgment, order or decree, or otherwise takes a position which is inconsistent with the right of appeal therefrom, he thereby impliedly waives his right to have such judgment, order, or decree reviewed by an appellate court.

[6] ID.—IMPOSITION OF TERMS—ACCEPTANCE—IMPLIED ACQUIESCENCE.—As a general rule, if a trial court imposes terms as the condition upon which any order will be granted, or any other thing done or not done, and the party upon whom the terms are imposed accepts

them, he will be deemed to have acquiesced in the ruling and cannot afterward question its validity in the appellate court.

[7] Id.—Motion for New Trial—Conditional Order Granting—Acceptance of Reduced Judgment—Waiver of Right to Appeal.— Where a motion for a new trial is granted to go into effect unless plaintiff stipulates to reduce the verdict, in which event the motion is denied, plaintiff by giving the stipulation and entering judgment thereon waives his right to appeal, although he entered the *remittitur* under protest and the court may have been wrong in finding that the judgment was excessive.

[8] Id.—Acceptance of Benefits—Right to Appeal—When not Inconsistent.—The right to accept the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an election of either is a waiver and renunciation of the other. It is only in case there is no controversy as to a party's right to the amount for which the judgment was given, but he claims to be entitled to a greater amount, that he may accept the fruits of such order or judgment and appeal therefrom.

APPEAL from a judgment of the Superior Court of San Mateo County.    John L. Hudner, Judge Presiding.    Affirmed.

The facts are stated in *Conlin* v. *Southern Pacific R. R. Co.*, *ante*, p. 733, [182 Pac. 67].

Henry Conlin, Charles W. Cobb, B. V. Sargent and Jos. J. Bullock for Appellant.

Frank McGowan and Evan J. Foulds for Respondent.

WASTE, P. J.—Plaintiff appeals from the judgment entered herein upon the verdict of a jury. A full statement of the facts out of which the litigation accrued, together with a consideration of the law therein involved, will be found in *Conlin* v. *Southern Pacific R. R. Co.*, *ante*, p. 733, [182 Pac. 67]. Appellant's complaint on this appeal arises out of the action of the trial court in refusing to instruct the jury that compensation for the land appropriated should include interest on the value of the property from August 19, 1910, the date of its appropriation by respondent here (appellant in the other appeal), and the like refusal of the court to include interest in the judgment entered on the general finding of the jury awarding damages in a lump sum to plaintiff.

[1]   The court properly instructed the jury that, in considering the *value* of the land, and fixing the amount of compensation which the plaintiff was entitled to recover, such *value* was to be determined as of the time of the taking of the property by the defendant, to wit, at the expiration of the legal existence of the San Francisco and San Jose Railroad Company, and not as of the time of the trial, or other time subsequent to the time of the taking.   [2]   The just compensation, to which plaintiff was entitled, the court instructed the jury, was the fair and reasonable market value of the land at that time, to wit, the highest price in terms of money which the land would bring if exposed for sale in the open market, with reasonable time allowed in which to find a purchaser, buying with knowledge of all the uses and purposes to which it was adapted, and for which it was capable of being used.

Plaintiff requested the court to instruct the jury that such just compensation "is the fair and reasonable market value of said land, on the nineteenth day of August, 1910, with *interest* thereon at the legal rate of seven per cent per annum, since said date to the date of the rendition of your verdict."   This instruction the court refused.

After deliberation, the jury returned into court with their verdict, which, in form, found in favor of the plaintiff, and assessed the amount of his recovery at six thousand dollars ($6,000) per acre for the 3.89 acres of land involved in the action.   The court thereupon instructed the jury to again retire, and change the form of their verdict, by multiplying the number of acres by the amount per acre which they found to be the value of the land, and return a verdict for the aggregate amount.   The jury did as directed.   The verdict of the jury was as follows: "We, the jury in the above-entitled cause, find for the plaintiff and award him damages in the sum of twenty-three thousand three hundred and forty dollars ($23,340.00) which he should recover from the defendant."   Before the jury was discharged, plaintiff moved the court to allow interest on the said verdict at the rate of seven per cent per annum from the nineteenth day of August, 1910, and to direct the clerk to enter the same in the judgment to be entered upon said verdict.   This motion the court denied, and judgment was entered in accordance with the verdict, and did not include any allowance of interest.

Defendant made a motion for a new trial, and the court made an order that a new trial be granted, unless plaintiff would, within ten days, in writing, remit all of the judgment in excess of $15,560, in which case the motion for a new trial would be denied. In compliance with that order, plaintiff remitted the sum of $7,780 from the amount of the judgment entered upon the verdict. The defendant appealed, and the judgment has this day been affirmed by this court.

[3] Plaintiff, on this appeal, does not challenge the action of the trial court in reducing the amount of the judgment, as a condition to denial of a new trial, but merely seeks to have this court remand the cause with directions to the court below to modify the judgment by including interest on the amount of the judgment. Under the authorities, this court, no doubt, has the power to make such an order, provided plaintiff is entitled to interest as prayed for here, and has not by some act of his own estopped himself from seeking such relief. (*Hurst* v. *Webster*, 128 Wis. 342, [107 N. W. 666]; *Young* v. *Winkley*, 191 Mass. 570, [78 N. E. 377]; *People* v. *California Safe Deposit etc. Co.*, 34 Cal. App. 269, [167 Pac. 181].)

[4] The judgment which was entered in plaintiff's favor followed the finding of the jury. If plaintiff was dissatisfied with it, he had a direct remedy by motion for new trial, or by appeal. Respondent contends that, as plaintiff remitted a portion of the amount allowed by the general verdict of the jury, which awarded him *damages* in the sum specified, he thereby consented to the judgment as entered, was bound thereby, and should not be allowed to appeal therefrom. Plaintiff contends that he only consented under the duress of having a new trial granted, if he did not comply with the order of the court, and that he cannot be held to have acquiesced. He contents himself on this appeal with the following citation:

"In order to bar the right of appeal on the ground of acquiescence, 'the acts relied upon must be such as to clearly and unmistakably show acquiescence, and it must be unconditional, voluntary, and absolute. And, where a judgment or decree relates to two or more distinct matters or demands, acquiescence therein as to one of such matters or demands will not bar an appeal as to the others.' (3 C. J. 665, 666; *Coffman* v. *Bushard*, 164 Cal. 663, [130 Pac. 525].)" (*Duncan* v. *Duncan*, 175 Cal. 693, [167 Pac. 141].)

[5]   In the same eminent authority on which the appellant relies, and on the same pages from which the supreme court quotes as above, will be found the following: "If a person voluntarily acquiesces in or recognizes the validity of a judgment, order, or decree, or otherwise takes a position which is inconsistent with the right to appeal therefrom, he thereby impliedly waives his right to have such judgment, order or decree reviewed by an appellate court. . . . [6]   As a general rule, if a trial court imposes terms as the condition upon which . . . any order will be granted, or any other thing done or not done, and the party upon whom the terms are imposed accepts them, he will be deemed to have acquiesced in the ruling and cannot afterward question its validity in the appellate court." (3 Corpus Juris, *supra*.)

[7]   "Where a motion for a new trial is granted to go into effect unless plaintiff stipulates to reduce the verdict, in which event the motion is denied, plaintiff by giving the stipulation and entering judgment thereon waives his right to appeal, although he entered the *remittitur* under protest and the court may have been wrong in finding that the judgment was excessive." (3 Corpus Juris, par. 546, note (d), p. 672, and cases cited.) "Filing the *remittitur* amounted to an acceptance and consent to such judgment. It was tantamount to an agreement that all alleged errors were waived and the case settled on the proposed basis of a judgment" for $15,560, with costs and disbursements. (*Plinsky* v. *Nolan*, 65 Or. 402, [133 Pac. 71].) [8]   "The right to accept the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an election of either is a waiver and renunciation of the other." (*San Bernardino County* v. *Riverside County*, 135 Cal. 618, [67 Pac. 1047].) It is only in case there is no controversy as to a party's right to the amount for which the judgment was given, but he claims to be entitled to a greater amount, that he may accept the fruits of such order or judgment, and appeal therefrom. Such controversy existed during all the progress of the present case. The court, by its order, held that plaintiff was entitled to no judgment except upon the condition that he reduce the amount of the award of the jury. By doing so, he assented to the judgment as reduced. (*San Bernardino* v. *Riverside, supra*.)

"The defendant, under the ruling of the court, was entitled to a new trial, unless the necessity therefor was obviated by the action of the plaintiff. The court gave him his choice to accept a reversal of the judgment and a new trial upon the merits, or to remit the sum which, in the judgment of the court, was in excess of the amount that ought to have been recovered. The plaintiff elected to receive the amount of the judgment less the excess. By this election he was bound. He obtained a judgment which he would not have received had he not assented to the action of the court. That he assented reluctantly does not alter the case. By giving consent he became bound by the action of the court." (*Iron R. R. Co.* v. *Mowery,* 36 Ohio St. 418, [38 Am. Rep. 597].)

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 19, 1919.

All the Justices concurred, except Lennon, J., who was absent.