[Civ. No. 5547. First Appellate District, Division Two.—February 19, 1927.]

## HATTIE HEINKEL BAUER, Respondent, v. JEFFREY L. BAUER, Jr., Appellant.

[1] DIVORCE — INTERLOCUTORY DECREE — FAILURE TO APPEAL — REVIEW ON APPEAL FROM FINAL DECREE. — An interlocutory decree of divorce is an appealable order; and where a defendant, against whom such a decree has been rendered, fails to appeal therefrom, he cannot have that decree reviewed on an appeal from a final judgment of divorce.

[2] ID.—APPEAL FROM FINAL DECREE—SCOPE OF REVIEW.—The scope of the review on an appeal from a final decree of divorce will be confined to such matters as have intervened since the rendition of the interlocutory decree.

[3] ID.—AWARD OF ALIMONY—APPEAL.—Where an appeal is not from the whole judgment of divorce, but is from only a part of the judgment awarding an allowance to the wife for her support, the appellate court has no power to review any part of the judgment, except the part to which the appeal is directed.

[4] ID.—ALIMONY — PLEADING — APPEAL—EVIDENCE.—Conceding, without deciding, that an appellant is entitled on an appeal from that part of a final decree of divorce which awards to the wife a suitable allowance for her support to contend that the complaint does not state facts sufficient to support an award of alimony, such appellant does not show that he is entited to that relief, where the complaint contains allegations that the defendant is in receipt of a specified monthly salary and that a stated sum is a reasonable amount per month to be allowed the wife for alimony and her support for a certain period, and that another specified sum is a reasonable sum per month to be allowed her thereafter as alimony for her support, and on the trial plaintiff introduces evidence supporting all the allegations concerning the property rights of the parties, and the trial court makes a part of the decree the provisions of an agreement between the parties relating to property rights.

(1) 19 C. J., p. 188, n. 57.    (2) 19 C. J., p. 191, n. 4.    (3) 19 C. J., p. 192, n. 9 New.    (4) 19 C. J., p. 283, n. 8.

1.   See 9 Cal. Jur. 776.
2.   See 9 Cal. Jur. 779.
3.   See 2 Cal. Jur. 807.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooley & Gallagher and Lasher B. Gallagher for Appellant.

Myron Harris and John Jewett Earle for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a divorce based on the alleged cruelty of the defendant. The summons and complaint were served on the defendant and as he failed to appear his default was entered. The plaintiff's evidence was taken before a commissioner and thereafter, on June 21, 1923, an interlocutory decree was rendered in which it was recited that a divorce ought to be granted to the plaintiff and that she was entitled to a divorce on the ground of defendant's extreme cruelty to her and "that defendant pay to plaintiff as a suitable allowance for her support and maintenance the sum of $150 on the first day of July, 1923, and the sum of $150 on the first day of each and every month thereafter for the term of six years, and the sum of $100 on the first day of each and every month thereafter." Thereafter no other proceedings were had until the twenty-third day of June, 1924. At that time, without taking any other testimony and basing its action solely upon the testimony theretofore taken, the trial court, on the motion of the plaintiff, entered a final decree, among other things, as follows: "And it is further ordered, adjudged and decreed that defendant pay to plaintiff as a suitable allowance for her support and maintenance the sum of $150 on the first day of July, 1924, and the sum of $150 on the first day of each and every month thereafter for the term of five years, and the sum of $100 on the first day of each and every month thereafter." Thereafter, on the fifteenth day of July, 1924, the defendant filed a notice of appeal, quoting the paragraph which we have just quoted, and stating that he appealed from that portion of the judgment. Thereafter, on the twenty-fourth day of September, 1924, the defendant filed a bill of exceptions which purports to

contain the proceedings from the fourth day of June, 1923, down to and including the final decree hereinabove referred to. At this time the appellant contends (a) the complaint does not state facts sufficient to constitute a cause of action against the defendant; (b) the complaint does not state facts sufficient to warrant the making of any allowance to plaintiff for support; (c) the proof was and is insufficient to authorize the granting of a decree for any offense of defendant, and (d) there is no basis in the record upon which a provision for support can be predicated. The foregoing contentions, as shown by the record before us, were all contained within the record in so far as it purports to be an attack on the interlocutory decree. [1] However, the interlocutory decree was itself an appealable order. (Civ. Code, sec. 132.) Having failed to appeal from that order the defendant may not review that order on an appeal from the final judgment. (Code Civ. Proc., sec. 956; *Deyoe* v. *Superior Court,* 140 Cal. 476, 486 [98 Am. St. Rep. 73, 74 Pac. 28]; 2 Cal. Jur., p. 826.) [2] But, on the other hand, the scope of the review on such appeal will be confined to such matters as have intervened since the rendition of the interlocutory decree. (*Gutierrez* v. *Heberd,* 106 Cal. 167, 168 [39 Pac. 529, 935].) [3] Moreover, as the appeal was not from the whole judgment, but was from only a part of the judgment, this court has no power "to review any part of the judgment except the part to which the appeal is directed. . . . " (*G. Ganahl Lumber Co.* v. *Weinsveig,* 168 Cal. 664, 667 [143 Pac. 1025, 1027].) [4] Conceding, without deciding, that the appellant is entitled on such an appeal to contend that the complaint does not state facts sufficient to support an award of alimony, this appellant does not show that he is entitled to that relief. He does not appeal from the judgment, but appeals merely from the property award. Evidently he so framed his notice of appeal through an abundance of precaution. In other words, he wants the divorce decree to stand, but he is attacking solely the property award. As to the property rights of the parties the complaint is not insufficient. It contains the allegations "that defendant is in receipt of a monthly salary of $300 per month; that the sum of $150 is a reasonable sum per month to be allowed her for alimony and for her support for the next six years, and the sum

of $100 is a reasonable sum per month to be allowed her thereafter as alimony for her support.''

Assuming, solely for the purposes of this case, that we have the right to examine the evidence taken before the referee, as well as the other facts contained in the bill of exceptions, it appears that on the trial the plaintiff introduced evidence supporting all the allegations concerning the property rights of the parties. It further appears that the terms of the interlocutory decree and of the final decree on the subject of the property rights were agreed to by the parties and that the trial court merely adopted the provisions of such agreement and made it a part of the decree. In the oral argument the appellant claimed that the trial court did not examine into ''the circumstances of the parties respectively.'' The record wholly fails to sustain the claim.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 18, 1927.