[Civ. No. 10852. Second Appellate District, Division Two.—June 24, 1936.]

R. D. CLARKE, Appellant, v. ANGELUS MEMORIAL ASSOCIATION (a Corporation) et al., Defendants; AIMEE SEMPLE McPHERSON HUTTON, Respondent.

Bernard Potter and Lynden Bowring for Appellant.

Willedd Andrews and Jacob Moidel for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from the portion of a judgment in favor of plaintiff after trial before the court without a jury, awarding only the sum of $1,067.97 against the defendants Aimee Semple McPherson Hutton and David L. Hutton.

The facts are these:

Plaintiff's assignor, an attorney at law, rendered legal services to the defendant corporation, Angelus Memorial Association, of which defendant Aimee Semple McPherson owned 440/1000ths of the issued capital stock. The court found defendant corporation indebted to plaintiff in the sum of (a) $5,490.84 for services rendered prior to July 2, 1929, upon an account stated, but that defendant Aimee Semple McPherson was liable only for $765.97 of said sum (b) $500 as the reasonable value of services rendered between July 2, 1929, and February 21, 1930, and (c) $250 as the reasonable value of services rendered between February 21, 1930, and August 1, 1931. Defendants have paid plaintiff the amount awarded by the trial court.

These questions are presented for our determination:

*First*: *Does the acceptance of an amount adjudged due preclude plaintiff from maintaining an appeal for the purpose of establishing his claim to a greater sum?*

*Second*: *When a corporation incurs an indebtedness does a stockholder become liable for payment thereof in the proportion which the number of shares of stock which he owns bears to the whole of the subscribed capital stock of the corporation?*

*Third: Is there sufficient evidence to sustain the findings of fact of the trial court as to the reasonable value of the legal services rendered to defendant corporation as set forth under subdivisions (b) and (c), supra?*

The first question must be answered in the negative. The law is settled that, where the only question on appeal is whether the recovery should be greater than that allowed by the trial court, the acceptance of the amount adjudged due is not inconsistent with the claim that the judgment is not large enough and the appeal may be maintained. (*Estate of Ayers,* 175 Cal. 187, 190 [165 Pac. 528]; *County of San Bernardino* v. *County of Riverside,* 135 Cal. 618, 620 [67 Pac. 1047]; *Wold* v. *League of the Cross,* 107 Cal. App. 344, 347 [290 Pac. 460].)

The second question must be answered in the affirmative under the law in force when the indebtedness was incurred. At the time this obligation arose the law was settled that, when a corporation incurred a debt, each stockholder became a party to the indebtedness and liable for payment thereof in the proportion that the number of shares which he owned bore to the whole of the subscribed capital stock of the corporation. (*Thomas* v. *Matthiessen,* 232 U. S. 221, 235 [34 Sup. Ct. 312, 58 L. Ed. 577]; *Knowles* v. *Sandercock,* 107 Cal. 629, 638 [40 Pac. 1047].)

The final question must be answered in the affirmative. The trial court had before it a detailed statement as to the extent of the legal services rendered and it was the province of the trial court to use its own experience and judgment as to the reasonable value thereof. It having done so, the findings will not be disturbed upon appeal. (*Elconin* v. *Yalen,* 208 Cal. 546, 550 [282 Pac. 791]; *Libby* v. *Kipp,* 87 Cal. App. 538, 548 [262 Pac. 68].)

Under section 4¾, article VI, of the Constitution of this state and section 956a of the Code of Civil Procedure, it is unnecessary to order a new trial of the case. We find: That defendant Aimee Semple McPherson was liable for 440/1000ths of $5,490.84 or $2,415.97 with interest thereon at the rate of 7 per cent per annum from July 2, 1929, to this day, of which sum $765.97 has been paid by defendants to plaintiff, leaving a balance due plaintiff from said defendant of $1,650, together with costs incurred by plaintiff in the superior court in the sum of $——.

The trial court is ordered to enter a modified judgment in accord with this opinion and the foregoing finding and to permit plaintiff to file a cost bill.

There is no evidence to support a judgment against defendant David L. Hutton. Therefore the appeal as to said defendant is dismissed.

It is so ordered.

Crail, P. J., and Wood, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1936.