[Civ. No. 15013.   Second Dist., Div. Two.   Dec. 12, 1945.]

CARYL M. SHELDON, Respondent, v. LOUIS WILSON SHELDON, Appellant.

Willedd Andrews for Appellant.

Pacht, Pelton, Warne, Ross & Bernhard for Respondent.

McCOMB, J.—Defendant appeals from (1) an order denying a modification of an interlocutory decree of divorce entered March 1, 1944, (2) a final judgment of divorce entered March 5, 1945, and (3) an order of March 6, 1945, setting aside a final judgment of divorce entered March 5, 1945, and ordering another final judgment of divorce.

The chronology of the material facts here involved is as follows:

On July 14, 1943, plaintiff filed an action for divorce against defendant. On January 12, 1944, the respective parties executed a property settlement agreement. On March 14, 1944, defendant filed a cross-complaint in which it was alleged among other things, ''That plaintiff and defendant by a separate agreement have settled and determined all of their property rights and divided all of the community property; that a copy of said agreement is marked Exhibit A, attached hereto and made a part thereof by reference as though set out in full.''

Plaintiff did not answer the cross-complaint and thereafter his default was entered and on March 1, 1944, an interlocutory decree of divorce was entered in favor of defendant in which decree the court approved the property settlement agreement hereinabove mentioned. No appeal was ever taken by either party from the interlocutory decree of divorce which became final.

On February 23, 1945, defendant obtained an order to show cause why plaintiff should not (a) assign to defendant certain furniture, (b) be restrained from entering a final decree of divorce, and (c) why the interlocutory decree of divorce should not be modified so as to provide that defendant be allowed to visit the minor child of the parties. The order to show cause was heard on March 5, 1945. The trial court denied defendant's application with the exception that an order dated March 2, 1945, was entered March 6, 1945, pursuant to stipulation of counsel for the respective parties, permitting defendant to visit with her son at reasonable times and that

said son might go to the home of defendant every Sunday from 10 a. m. until 5 p. m.

■ (1) *The appeal from the order denying the modification of the interlocutory decree and refusing to restrain defendant from having a final decree of divorce entered.* The matter which defendant relies upon for modification of the interlocutory decree of divorce occurred prior to the entry of the interlocutory decree and therefore was subject to review (1) on appeal from the interlocutory decree, or (2) by proceedings pursuant to the provisions of section 473 of the Code of Civil Procedure if taken within six months after the entry of the interlocutory decree. Since defendant did not avail herself of either method of attacking the interlocutory decree it is not subject to attack on appeal from the judgment granting a final decree of divorce. (*Greenwood* v. *Greenwood,* 101 Cal.App. 736, 741 [282 P. 433]; *Bauer* v. *Bauer,* 81 Cal.App. 414, 416 [253 P. 969]; *Bancroft* v. *Bancroft,* 178 Cal. 367, 368 [173 P. 585]. See, also, *Litvinuk* v. *Litvinuk,* 27 Cal.2d 38 et seq. [162 P.2d 8].)

■ (2 & 3) *Appeals from the final decree of divorce and order of March 6, 1945.* Defendant has failed to furnish us with either argument or authority showing any error in the order of March 6, 1945, setting aside the final judgment of divorce of March 5, 1945, because of clerical errors therein and ordering a final decree of divorce which was entered March 6, 1945. Defendant has likewise failed to point out any error in the judgment granting a final decree of divorce. Therefore defendant must be deemed to have waived any objection which she had to the order or judgment.

We are unable to see the applicability of *Robertson* v. *Robertson,* 34 Cal.App.2d 113 [93 P.2d 175], and *Duncan* v. *Duncan,* 175 Cal. 693, 695 [167 P. 141], relied on by defendant. The first case was a suit for the recovery of a money judgment for alleged accumulations of alimony. The Duncan case merely held that since the parties had stipulated regarding the status of their property the issue had been removed from the action, and that, by entering into a stipulation relative to their property rights, the parties did not waive the right to appeal from a judgment granting or denying a divorce.

For the foregoing reasons the judgment and orders appealed from are and each is affirmed.

Moore, P. J., and Fox, J. pro tem., concurred.