[L. A. No. 24262.   In Bank.   Apr. 12, 1957.]

Estate of JOSEPH C. POISL, Deceased. THOMAS W. HUGHES, Appellant, v. ROBERT L. FERGUSON, as Executor, etc., et al., Respondents.

Thomas W. Hughes, in pro. per., and Alfred L. Bartlett for Appellant.

Ben M. Kochman for Respondent Emma Poisl.

CARTER, J.—In this case, Hughes, the attorney for the executor under decedent's will in the above mentioned estate, petitioned the superior court administering probate law in the estate proceedings, to have it ordered that he be paid attorney's fees for extraordinary services performed in opposing the proceeding in the lower court and on appeal by decedent's widow to revoke the will of decedent as to her on the ground that she was not provided for as required by section 70 of the Probate Code, the will having been made before her marriage to decedent.* Objections were filed to the petition and, after hearing thereon, the court found that in the proceedings for revocation of the will the widow did not challenge the validity of the will but merely alleged that it

---

*The widow was unsuccessful in the lower court whose order was affirmed by the District Court of Appeal but reversed by this court (*Estate of Poisl,* 44 Cal.2d 147 [280 P.2d 789]).

was revoked under section 70 which was the same as a petition to determine heirship under section 1080 of the Probate Code; that Hughes performed all the above mentioned services, but the preliminary services of bringing the parties (the legatees under the will and the widow) before the court in the revocation proceedings was his only legal duty and such services were worth $1,000; that he had no duty to participate in the trial or appellate work in the revocation proceedings, and therefore fees for such services were not proper. Accordingly the court rendered its "judgment" that Hughes was "entitled" to a $1,000 fee for the extraordinary preliminary services. He appeals, asserting that he was entitled to compensation for the services performed on trial and appeal as well.

Defendant widow now moves to dismiss the appeal by reason of the acceptance by Hughes of the $1,000. On October 3, 1955, after the court indicated what its order would be, Hughes wrote to the executor that he intended to appeal but that the only ground of appeal would be that more fees should have been allowed him and that the $1,000 to be awarded would not be affected, quoting from *Clarke* v. *Angelus Memorial Assn.*, 14 Cal.App.2d 750 [58 P.2d 974], to the effect that where the question on appeal is whether the recovery should be greater than that allowed by the lower court, the acceptance of the amount adjudged due did not bar the appeal. After the order for $1,000 attorney's fees above mentioned was made (but prior to its entry), $300 thereof was paid to Hughes by the executor on October 19, 1955, and the balance of $700 was paid on October 28, 1955. On receipt of the check for $300 by Hughes on October 24, 1955, he again wrote to the executor stating that it was accepted "without prejudice" to his "contemplated appeal from the order" allowing $1,000 because he sought a larger sum which was in accord with the case theretofore cited in the former (October 3, 1955) letter. At the time the balance of $700 was paid on October 28, 1955, he again advised the executor that it was accepted only on the condition specified in his former letters, he was not waiving his right to appeal, and would not sign or enter a satisfaction of judgment; this was "agreed" to by the executor, and no satisfaction of the $1,000 allowance has been made or entered.

The widow asserts that there was a voluntary acceptance of the fruits of the judgment ($1,000) barring the right to appeal. Hughes claims there was an agreement that the acceptance of the $1,000 should not be considered as barring the

appeal and that in any event the judgment for $1,000, which was accepted, was severable from the claim for fees for the litigation itself, to which he was entitled in any case, and was not placed in jeopardy by the appeal; moreover the widow did not appeal from the $1,000 award.

██ The latest statement by this court on the subject is as follows: "It is the general rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal, since the right to accept the fruits of the judgment and the right to appeal therefrom are wholly inconsistent, and an election to take one is a renunciation of the other. [Citations.] ██ An exception to the general rule exists where the appellant is concededly entitled to the benefits which are accepted and a reversal will not affect the right to those benefits. [Citations.]" (*Mathys* v. *Turner*, 46 Cal.2d 364, 365 [294 P.2d 947].)

██ But here, from Hughes' undisputed affidavit, we have an agreement by the executor that the receipt of payment of the $1,000 award would not bar the appeal. Before anything was paid on the judgment Hughes advised the executor that he intended to appeal and that the payment and acceptance of the $1,000 would not affect his appeal because he was claiming more. Thereafter the executor paid $300 and was again advised to the same effect. The same occurred on the payment and acceptance of the $700 balance and it was agreed to by the executor. There would appear to be no reason why effect should not be given to that agreement. There should be no estoppel or waiver of the right to appeal because of it. No point is made of whether the executor rather than the widow could make such an agreement but it would appear that he had the right to do so inasmuch as the matter involved was the payment of money for claimed attorney's fees from the assets of the estate. ██ There is no question that the executor was the duly authorized representative of the estate. As such he was in charge of the funds of the estate subject to the court's orders for payment of expenses of administration, claims against the estate and distribution to the beneficiaries of the estate.

While it has been held that a taking of possession after judgment in an eminent domain proceeding with the taker's reservation of the right to appeal does not, under the statutes there involved, preserve the right to appeal (*Mt. Shasta Power Corp.* v. *Dennis*, 66 Cal.App. 186 [225 P. 877]) we find no case in this state holding that an agreement that an appeal shall

338

not be barred by acceptance of the benefits of the judgment (as distinguished from a unilateral reservation by the appellant), will not preserve the right to appeal. ■ In regard to acceptance of the benefits of the judgment as barring the acceptor's appeal, it is said in *Gudelj* v. *Gudelj,* 41 Cal.2d 202, 214 [259 P.2d 656]: "However, '(i)n order to bar the right of appeal on the ground of acquiescence, "the acts relied upon must be such as to clearly and unmistakably show acquiescence, and it must be unconditional, voluntary, and absolute."' (*Duncan* v. *Duncan,* 175 Cal. 693, 695 [167 P. 141].)"

■ And it has been held that an agreement that the acceptance of the benefits of a judgment shall not bar the right of appeal will be recognized and preserves that right. (See *Succession of Nicholich,* (La.App.) 167 So. 831; *Lightner* v. *Board of Supervisors,* 156 Iowa 398 [136 N.W. 761]; *City of Seattle* v. *Liberman,* 9 Wash. 276 [37 P. 433]; see cases contra 169 A.L.R. 985, 1058.)

For the foregoing reasons the motion to dismiss the appeal is denied.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.