[Civil No. 419.    Filed January 30, 1894.]

[36 Pac. 176.]

J. J. FISHER, Complainant, v. DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT, TERRITORY OF ARIZONA, IN AND FOR YAVAPAI COUNTY, Respondent.

1. EMINENT DOMAIN—RIGHT OF DEFENDANT TO COMPENSATION PAID IN UNDER REV. STATS. ARIZ. 1887, PAR. 1778, PENDING APPEAL.—The statute, *supra*, provides in substance that a plaintiff who succeeds in condemning property may, pending an appeal, obtain possession of the same upon paying into court for the defendant the amount of compensation, as determined by the jury, which the defendant is entitled to have paid over to him upon filing the proper receipt and an abandonment of defenses to the action other than as to the amount of compensation. When the latter have been done, and the plaintiff has been let into possession, it is made mandatory upon the court to order the payment of the money, and the court below exceeded its authority in directing the money paid in by plaintiff be retained by the clerk pending the appeal, and in denying the order prayed by defendant, he having complied with the statute.

ORIGINAL PETITION for Writ of Certiorari.    Granted.

The facts are stated in the opinion.

Baldwin & Johnson, for Appellant.

Herndon & Norris, for Appellee.

SLOAN, J.—On the application of J. J. Fisher, this court issued a writ of certiorari directed to the district court, fourth judicial district, in and for Yavapai County, commanding the latter to certify up the proceedings had subsequent to judgment in the case of Santa Fe, Prescott, and Phœnix Railway Company, plaintiff, v. J. J. Fisher, John Martin, J. W. Dougherty, R. M. Ling, and Levi Bashford, defendants. The record, as certified in return of the writ, shows that the plaintiff in the above-entitled case brought suit in said court for the condemnation of a right of way for its railroad across certain mining claims owned by the said defendants as tenants

in common. Upon the trial, the damages, as assessed by the
jury, exclusive of the cost of fences and cattle-guards as found,
were $1,820.85. Judgment was entered in accordance with
the finding of the jury. The plaintiff appealed from the
judgment to this court, which appeal is still pending. After
judgment the plaintiff gave bond under the statutes for double
the amount of the assessed cost of constructing the fences and
cattle-guards, and paid into court the amount found as com-
pensation,—viz., $1,820.85,—together with a further sum, to
cover costs and further damages should any afterwards be
found, and obtained an order from the court letting it into
possession of the land condemned in the suit. Thereupon the
defendants filed their receipt for the $1,820.85, together with
a written abandonment of all defenses to the action except as
to the amount of damages that they might be found to be
entitled to in the event that a new trial should be granted,
and applied to the court for an order directing that the
$1,820.85 be paid over to them. The court denied this appli-
cation, and directed that the money remain in the hands of the
clerk pending the appeal.

It is provided in section 18 of the Eminent Domain Act
(Rev. Stats. par. 1778) that ''at any time after trial and
judgment entered, or pending an appeal from the judgment of
the supreme court, whenever the plaintiff shall have paid into
court for the defendant the full amount of the judgment, and
such further sum as may be required by the court as a fund
to pay any further damages and costs that may be recovered
in said proceedings, as well as all damages that may be sus-
tained by the defendant, if, for any cause, the property shall
not be finally taken for public use, the district court in which
the proceeding was tried may, upon notice of not less than ten
days, authorize the plaintiff if already in possession to con-
tinue therein, and if not, then to take possession of and use
the property during and until the final conclusion of the liti-
gation, and may, if necessary, stay all actions and proceed-
ings against the plaintiff on account thereof. The defendant
who is entitled to the money paid into court for him upon
any judgment shall be entitled to demand and receive the
same at any time thereafter, upon obtaining an order therefor
from the court. It shall be the duty of the court, or a judge
thereof, upon application being made by such defendant, to

order and direct that the money, so paid into court for him, be delivered to him upon his filing a receipt therefor, and an abondonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted.'' This section of the statute recognizes the established principle of all condemnation proceedings,—that private property cannot be taken for a public use without just compensation be first paid to the owner. Proceeding upon this principle, it provides, in substance, that a plaintiff who succeeds in condemning property may, pending an appeal, obtain possession of the same. But, to do so, he is first required to pay into court for the defendant the amount of the compensation as determined by the jury. The right to possession and the right to the compensation are made mutual. The latter is not secured merely upon payment of the money into court. The defendant is entitled to have it paid over to him upon a compliance on his part with the terms of the statute as to filing the proper receipt and abandonment of defenses to the action other than as to the amount of compensation. When the latter have been done, and the plaintiff has been let into possession, it is made mandatory upon the court to order the payment of the money. It follows, therefore, that the money paid into court by the Santa Fe, Prescott, and Phœnix Railway Company, or so much thereof as was found by the jury to be due the defendants in the way of compensation for the land condemned, was held by the court for the use of the defendants, to be paid them upon proper application, and that the defendants, having complied with the statute and filed the proper receipt, were entitled to the order directing its payment. The court below, therefore, exceeded its authority in directing that the money be retained by the clerk pending the appeal and in denying the order applied for. It is therefore ordered that the court below grant the application of defendants and enter its order directing the payment to them of the $1,820.85.

Baker, C. J., and Rouse, J., concur.