[Civil No. 1029.   Filed March 27, 1908.]

[94 Pac. 1125.]

ANGELAS DIAS DE HANSEN et al., Petitioners, v. DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE TERRITORY OF ARIZONA, IN AND FOR THE COUNTY OF COCHISE, Respondent.

1. PRACTICE—APPEAL—WHAT ORDERS APPEALABLE—EMINENT DOMAIN —ORDER FOR POSSESSION PENDING PROCEEDINGS—REV. STATS. ARIZ. 1901, PAR. 1214, CONSTRUED.—Paragraph 1214, *supra*, sets out all orders of the courts that may be appealed from, and does not include therein an order granting possession in condemnation proceedings on the payment of certain money in the court or the giving of a bond for the benefit of the land owner, and such order is therefore not directly appealable.

2. CERTIORARI—SCOPE—JURISDICTION—EMINENT DOMAIN—REV. STATS. ARIZ. 1901, PAR. 2453, CONSTRUED.—Where, under paragraph 2453, authorizing an order granting the immediate possession of property sought to be condemned upon the making of a deposit in the court or the giving of a bond, such an order was made, which order was attacked as unconstitutional, *certiorari* is the proper proceeding to have such order reviewed.

3. EMINENT DOMAIN—COMPENSATION NOT REQUIRED BEFORE TAKING IF ADEQUATELY PROVIDED FOR.—While it is essential in eminent domain condemnation proceedings that compensation shall be adequately . provided for before a taking, there is no constitutional requirement that a payment of compensation for property taken under the rights of eminent domain must be made at the time of, or prior to, the taking.

4. SAME—REV. STATS. ARIZ. 1901, PAR. 2453, HELD UNCONSTITU-
TIONAL—UNITED STATES CONSTITUTION, FIFTH AMENDMENT, CON-
STRUED.—Paragraph 2453, *supra,* provides that at any time after
filing a complaint to condemn real estate plaintiff may make ap-
plication for an order to take immediate possession of the
property sought to be condemned; that thereupon the court shall
hear testimony as to the probable damages to the owner, and may
direct that "on the deposit of such sums of money as the court
or judge may direct, or the execution of such undertaking for the
payment thereof upon the final judgment of the action as shall
be approved by such court or judge, the plaintiff shall have
the possession and full use of the parcels of land as described in
such order for all purposes as herein specified, and that all moneys
paid in shall be held by the clerk subject to the judgment upon
the trial of the action in regular course. *Held,* that such statute
contemplates by its terms no protection for the property owner
for payment upon any other final judgment than a final judgment
of condemnation fixing the amount of damages, and contemplates
no compensation for the owner in case the land should not ulti-
mately be condemned, and inasmuch as the owner of the property
who has been deprived of immediate possession pending condemna-
tion proceedings is entitled, in the event of abandonment or failure
of the proceedings, to compensation based on the rental value of
the property, though no act of injury was done thereto, is there-
fore unconstitutional as authorizing the taking of private property
for public uses without just compensation.

CERTIORARI on petition of Angelas Dias de Hansen and
others to review an order permitting immediate possession of
certain property sought to be condemned for a public road.
Demurrer on petition overruled. Order annulled.

The facts are stated in the opinion.

W. B. Cleary, for Petitioners.

*Certiorari* is the proper remedy. The order in this case did
not actually or in effect determine the action, being a mere
intermediate or interlocutory order granting possession of the
premises sought to be condemned, pending the action, and was
therefore not appealable. It did not prevent judgment being
taken by either party to the suit, and cannot be construed
as a final order or final judgment to bring it within the stat-
utes allowing appeals. See *Spicer* v. *Simms,* 6 Ariz. 349, 57
Pac. 610; *Putnam* v. *Putnam,* 2 Ariz. 259, 14 Pac. 356; *Cobre
Grande Copper Co.* v. *Greene,* 8 Ariz. 101, 68 Pac. 524. "An
order or judgment which does not put an end to the action,

but leaves something further to be done, before the rights of the parties are determined, is interlocutory and not final, and is nonappealable." *Hageman* v. *Moore*, 2 Colo. App. 83, 29 Pac. 1014; *Dusing* v. *Nelson*, 7 Colo. 184, 2 Pac. 922. Also see section 2464 of our statutes relative to eminent domain defining the final order in condemnation proceedings, and *California Pac. R. R. Co.* v. *Central Pac. R. R. Co.*, 47 Cal. 528. The court had no jurisdiction to make the order, as section 2453 is in contravention of article 5 of the constitution of the United States. It assumes to justify the taking of private property for public use without just compensation. It does not provide adequate provision for compensation in that said bond, in case no final judgment is ever had, does not afford defendants in condemnation any redress or right of action thereon, as final judgment may never be obtained, and without such no action could be maintained on the bond. See *Davis* v. *San Lorenzo R. R. Co.*, 47 Cal. 517, a case directly in point. The cases cited by the respondent from the United States supreme court bear out our contention in this matter, in that all of them distinctly state the law to be that adequate provision for the compensation must be made. Section 2453 is in contravention of the fundamental law that the payment of the compensation must precede or accompany the taking of the land. *San Francoco* v. *Scott*, 4 Cal. 114; *Gillian* v. *Hutchinson*, 16 Cal. 155; *Lamb* v. *Schottler*, 54 Cal. 327; *Weyl* v. *Sonoma Valley R. R. Co.*, 69 Cal. 206, 10 Pac. 510; *Porter* v. *Pac. Coast R. R. Co.* (Cal.), 18 Pac. 428; *Tripp* v. *Overocker*, 7 Colo. 72, 1 Pac. 697; *Curran* v. *Shattuck*, 24 Cal. 434; *State ex rel. Smith* v. *King Co.*, 26 Wash. 278, 66 Pac. 385; *Oliver* v. *Union Post & W. P. R. R. Co.*, 83 Ga. 258, 9 S. E. 1086; *Fisher* v. *District Court*, 4 Ariz. 256, 36 Pac. 176.

Herring, Sorin & Ellinwood, for Respondent.

*Certiorari* is not the proper remedy, under section 432, Revised Statutes of 1901. *Territory ex rel. Price* v. *Doan*, 7 Ariz. 93, 60 Pac. 894; subdivision 2 of paragraph 1214, Revised Statutes of 1901, and the following cases construing subdivision 2 of section 3069, Revised Statutes of Wisconsin, from which the last-cited paragraph was taken: *Wisconsin Central R. Co.* v. *Cornell University*, 49 Wis. 162, 5 N. W. 331; *Wisconsin Central R. Co.* v. *Cornell University*, 52 Wis. 538. 8 N. W. 491; *Milwaukee & Northern R. Co.* v. *Strange*, 63 Wis. 178, 23 N. W. 432.

Section 2453, Revised Statutes of 1901, is not unconstitutional. The fundamental law is not that the payment of the compensation must precede or accompanying the taking of the land, as petitioner claims. *Cherokee Nation* v. *Southern Kansas R. Co.*, 135 U. S. 641, 10 Sup. Ct. 965, 34 L. Ed. 302; *Sweet* v. *Rechel*, 159 U. S. 380, 16 Sup. Ct. 43, 40 L. Ed. 197; *Backus* v. *Fort Street Union Depot Co.*, 169 U. S. 557, 18 Sup. Ct. 445, 42 L. Ed. 858; *Williams* v. *Parker*, 188 U. S. 491, 23 Sup. Ct. 440, 47 L. Ed. 562.

NAVE, J.—Cochise county brought suit under the eminent domain law in the district court of Cochise county to condemn certain land belonging to petitioners for use as a public road. Paragraph 2453, Revised Statutes of 1901, provides that at any time after filing the complaint to condemn real estate the plaintiff may make application to the court for an order permitting him to take immediate possession of the property sought to be condemned; that thereupon the court shall hear testimony as to the probable damages to each owner, and may direct that "upon the deposit of such sums of money as the court or judge may direct, or the execution of such undertakings for the payment thereof upon final judgment in the action as shall be approved by such court or judge, the plaintiff shall be let into the possession and full use of the parcels of land as described in such order for all the purposes as therein specified. All moneys paid in under the provisions of this section shall be deposited with the clerk and be by him held subject to the judgment upon trial of the action in regular course. And all undertakings executed hereunder shall be made payable to the clerk of said court for the use and benefit of the several parties in interest." An order of immediate possession was made in that suit pursuant to these provisions. Thereupon the petitioners obtained from this court a writ of *certiorari* to review the jurisdiction of the district court to make such an order. The petitioners contend that the granting of such an order is violative of the fifth amendment to the constitution of the United States prohibiting the taking of private property for public use without just compensation. The writ was issued, and a return has been made. Respondent, appearing by the attorneys for the condemnor, asked leave to file a demurrer to the petition to be considered by us prior to the consideration of the return. This leave was granted. Inasmuch as the facts disclosed in

the return support the allegations of the petition in the matter which we shall consider, we do not need to segregate in our opinion the consideration of the demurrer and the return, except to the extent of disposing of respondent's contention that petitioners have mistaken their remedy, and that they should have appealed from the order.   Without attempting to determine to what extent, if any, the right of appeal has been enlarged by the revision of paragraphs 593 and 846, Revised Statutes of 1887, into paragraphs 1214 and 1493, Revised Statutes of 1901 (*History Co.* v. *Dougherty,* 3 Ariz. 392, 29 Pac. 649; *Spicer* v. *Simms,* 6 Ariz. 347, 57 Pac. 610), it is sufficient to point out that the order of immediate possession provided for by paragraph 2453 is not such an order as is any of those enumerated in paragraph 1214, and therefore unquestionably not directly appealable.   If the statute is unconstitutional, the court was without jurisdiction to enter the order.   An inquiry into the jurisdiction is properly procured through the agency of this writ.   *Fisher* v. *District Court,* 4 Ariz. 254, 36 Pac. 176; *California Pac. R. R. Co.* v. *Central Pac. R. R. Co.,* 47 Cal. 528.

Petitioners contend that payment of compensation for property taken under the right of eminent domain must be made at the time of or prior to the taking, although the constitutional amendment does not so require in terms.   This contention is adversely determined by decisions of the supreme court of the United States.   *Cherokee Nation* v. *Southern Kan. R. Co.,* 135 U. S. 641, 10 Sup. Ct. 965, 34 L. Ed. 295; *Backus* v. *Depot Co.,* 169 U. S. 557, 18 Sup. Ct. 445, 42 L. Ed. 853; *Sweet* v. *Rechel,* 159 U. S. 380, 16 Sup. Ct. 43, 40 L. Ed. 188; *Williams* v. *Parker,* 188 U. S. 491, 23 Sup. Ct. 440, 47 L. Ed. 559.   However, it is an essential (as is repeatedly recognized in the opinions in the cases just cited) that compensation shall be adequately provided for before a taking.   This remands us to the consideration of the next contention—that paragraph 2453 does not require or contemplate such adequate provision.

The disposition to be made of such money as may be deposited with the court under the provisions of this paragraph is not explicitly clear; nor is the scope of the undertakings which may be made in lieu of the deposit of cash thus clear. The statute predicates the order of possession "upon the deposit of such sums of money as the court or judge may direct or the execution of such undertakings for the payment thereof upon final judgment in the action as shall be approved by such

court or judge.'' The amount of money or the penalty of the undertaking manifestly bears a relation to the ''probable damages'' which shall have been ascertained by the court's inquiry. Apparently the damages concerning which the court must inquire are those to accrue by reason of the permanent taking of the property sought to be condemned. The money is to be held ''subject to the judgment upon the trial.'' The undertaking is for payment of the money ''upon final judgment.'' Provision in terms is not made for the protection of the property owner in the event that the land should not ultimately be condemned. That such possibility is not mere idle conjecture, but substantial, and a menace to the rights of the property holder, is sufficiently illustrated by the abandonment of proceedings by condemnors disclosed in *Kennedy* v. *Indianapolis*, 103 U. S. 599, 26 L. Ed. 550; *Eureka etc. R. Co.* v. *McGrath*, 74 Cal. 49, 15 Pac. 360; *Vilhac* v. *S. & I. R. Co.*, 53 Cal. 208. If during possession under the authority of an order made pursuant to this statute the condemnor shall have destroyed trees, made excavations, removed stone and timber, or otherwise have damaged the property, how shall the owner be compensated if the property be not ultimately condemned? Even if no active injury were done to the property, the property owner would be entitled to compensation based upon the rental value of the property in the event of the abandonment or failure of the proceedings. It is contended by respondent that the discontinuance of the condemnation proceedings by a voluntary nonsuit or a dismissal would be a final judgment within the meaning of the statute. We do not so understand the statute. We cannot construe it as contemplating by its terms protection for the property owner for payment upon any other final judgment than a final judgment of condemnation fixing the amount of the damages. The portions of the statute which we have summarized seem to contemplate no other conclusion of the action than an assessment of damages and a final judgment of condemnation; nor are these supplemented elsewhere.

The exercise of the power of eminent domain being essentially destructive of private rights, subordinating them to the public interest, the fundamental guaranty of just compensation must be secured scrupulously. One who is to be deprived of his property must be secure, not merely in payment of his damages in the event of its permanent taking, but in compensation for the loss resulting from the taking if that prove

to be but temporary. This contingency is provided for in paragraph 2465 under which possession may be taken by the condemnor after trial and judgment pending an appeal. The condemnor is there required to pay into court "the full amount of the judgment and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in such proceedings, as well as all damages that may be sustained by the defendant, if for any cause the property shall not be finally taken for a public use." Paragraph 2453 does not afford this protection, wherefore a taking under its terms is violative of the fifth amendment as petitioners have contended; and the statute, in so far as it provides for such taking, is void. *Davis* v. *San Lorenzo R. Co.,* 47 Cal. 517; *In re St. Lawrence & A. R. Co.,* 133 N. Y. 278, 31 N. E. 218.

It follows that the order of the district court granting immediate possession was without jurisdiction. The demurrer to the petition is overruled, and the order is annulled.

SLOAN and CAMPBELL, JJ., concur.    KENT, C. J., dissents.