335 P.2d 799

STATE of Arizona ex rel. Robert MORRISON, Attorney General, Appellant,

v.

JAY SIX CATTLE COMPANY, Inc., a corporation; P. C. Getzwiller and Marian T. Getzwiller, his wife, Appellees.

No. 6720.

Supreme Court of Arizona.

Feb. 25, 1959.

Robert Morrison, Atty. Gen., Charles L. Hardy, Asst. Atty. Gen., for appellant.

James Elliott Dunseath and Robert C. Stubbs, Tucson, for appellees.

PHELPS, Chief Justice.

We are presented here with the question of whether the State of Arizona

may appeal from a judgment in condemnation proceedings in a case wherein it believes the damages awarded to be excessive and that errors of law were committed in the reception of evidence and where under the law and pursuant to stipulation and an order of court, the condemnees have been paid the full amount of their judgment, satisfied the same upon the records of the court, and filed an abandonment of all defenses to the action except as to the amount of damages. The parties will be hereinafter designated as the State and appellees.

The facts are that the State instituted condemnation proceedings against appellees involving certain land approximately seven miles west of Benson, Arizona, which the State needed for highway purposes. Under the provisions of A.R.S. § 12–1116 the State had entered into the possession of said property and began construction of the new highway. Thereafter trial was had and judgment was entered by the court on June 6, 1958, awarding damages therefor to appellees respectively. The State had paid the full amount of said judgment into the court under the provisions of A.R.S. § 12–1116 and § 12–1127; and a stipulation entered into between counsel for the State and the appellees. The appellees made application to the court to order the money which had been deposited with it by the State to be paid to them. The court entered such an order on August 18, 1958, following, and on September 2, 1958, appellees satisfied their respective judgments in full. The State had theretofore on July 22 filed its notice of appeal to this court. On October 3 appellees filed their motion to dismiss the appeal. It is the issue raised by this motion that we now consider. We deem the matter of sufficient importance to require a written opinion.

In the first place, A.R.S. § 12–2101 is authority for the right of the State to appeal, and Rule 73(a) of the Rules of Civil Procedure, 16 A.R.S., provides that:

"A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in these Rules, and not otherwise. The appeal may be taken by any party aggrieved by such judgment or order."

This, without the aid of other authority, gives to the State the right of appeal as an aggrieved party.

We are not too much persuaded by the argument of counsel for appellees that the State waived its right to further prosecute its appeal by the chain of events recited therein, to wit: (1) by the voluntary payment of the amount of said judgment; (2) by taking possession of the property condemned; (3) by using and appropriating appellees' property which had been condemned in the action. All of the above acts of the State were done pursuant to the provisions of the Constitution and the statutes relating to eminent domain.

It is argued that pursuant to a stipulation between counsel for the parties litigant, the superior court ordered the money deposited in court by the State to be paid to appellees upon their filing a satisfaction of judgment and an abandonment of all defenses to the action except as to the amount of damages to which they may be entitled; that by such stipulation and action of the court the State waived its right of appeal. We have carefully read the stipulation and are definitely of the view that it gave to appellees nothing they were not entitled to under the law nor did it bind the State to do anything it was not bound to do under the law. " * * * enforced satisfaction of a judgment does not prevent the prosecution of an appeal therefrom by the defendant." Hartke v. Abbott, 106 Cal.App. 388, 289 P. 206, 207. The State here became the judgment debtor and under the statute was forced to pay upon demand by the owner.

Article 2, section 17 of the Arizona Constitution, A.R.S., insofar as here material provides that:

"* * * No private property shall be taken or damaged for public or private use without just compensation having first been made, or paid into court for the owner, * * *."

A.R.S. § 12–1116 provides that the State may, at the time of filing the complaint, or any time thereafter, make application to the court for possession of the property sought to be condemned. Thereupon the court fixes a time for hearing, giving proper notice thereof, and if it appears that the use for which it is sought to be condemned is a necessary use, the court proceeds to hear evidence as to the probable damages to the owner, and may then order that upon the deposit by the condemnor of double the amount of the probable damages found by the court, the plaintiff (condemnor) may be let into full possession and full use of the land. The money is to be deposited with the clerk of the court and held by him for the use and benefit of the condemnee (owner) subject to final judgment of the court, etc., and until ordered by the court to be turned over to condemnee, or the court may order such money to be turned over to the state treasurer for the same purpose. Counsel for the State asserts that the State took possession of the land under and in accordance with the provisions of A.R.S. § 12–1116, supra.

A.R.S. § 12–1127, in pertinent part, provides that:

"A. At any time after judgment is entered, or pending an appeal from the judgment to the supreme court, when plaintiff has paid into court for defendant or defendants the full amount of the judgment, and such other amounts as required by the court as a fund to pay further damages and costs which may be recovered in the proceedings, as

well as all damages that may be sustained by defendant or defendants if for any cause the property is not finally taken for public use, the superior court in which the action was tried may, upon notice of not less than ten days, authorize plaintiff, if already in possession, to continue · therein, or if not, then to take possession of and use the property until *final conclusion of the litigation,* and may, if necessary, stay all actions and proceedings against plaintiff on account thereof.

"B. The defendant or defendants who are entitled to the money paid into court upon any judgment may demand and receive the money at any time thereafter upon an order of the court. The court shall, upon application, order the money so paid into court delivered to the party entitled thereto upon his filing either a satisfaction of the judgment or a receipt for the money, and an abandonment of all defenses to the action or proceeding except as to the amount of damages to which he may be entitled if a new trial is granted. Such payment shall be deemed an abandonment of all defenses, except the party's claim for greater compensation.

"C. The money paid into court on final judgment may be placed by order of court in the custody of the clerk or state treasurer to be held or disbursed upon order of court, and plaintiff and such officers shall be subject to the same responsibility, liabilities and restrictions with respect thereto as provided in this article when money is paid into court by plaintiff upon application for possession before trial." (Emphasis supplied.)

Subsection "D" is not material here and will not be quoted.

■ It is obvious from the provisions of the Constitution and laws of this state that private property may not be taken for public use without just compensation having first been made *or paid into court for the owner.* The portion of the Constitution quoted above is mandatory. From a practical standpoint it is further obvious that the State must have the authority to enter into possession of the property immediately instead of waiting one or two years for a final judgment on appeal in condemnation proceedings. The legislature therefore in enacting A.R.S. § 12–1116 and § 12–1127 provided for this exigency.

In like circumstances and under a similar condemnation statute, a California appellate court has ruled that an appeal by the condemnor would not lie. Mt. Shasta Power Corporation v. Dennis, 66 Cal.App. 186, 225 P. 877. Although the authority of that decision appears not to have been later questioned, its supportive reasoning seems impaired, however, by analysis in the

unanimous opinion of the California Supreme Court in Reitano v. Yankwich, 38 Cal.2d 1, 237 P.2d 6, 7, 39 A.L.R.2d 191, wherein the court noted that: (1) the rule barring an appeal by one who has voluntarily accepted the benefits of a judgment " '* * * has no application where the benefits accepted are such that appellant is admittedly entitled to them or would not be affected or put in jeopardy by the appeal' " and (2) a voluntary satisfaction of a judgment deprives one of a right to appeal " '* * * only when it is shown that the payment of the judgment was by way of compromise or with an agreement not to take or prosecute an appeal.' "

■ In any event, we find nothing in the Arizona condemnation statute quoted, and nothing which inherently flows from the conduct of the State herein, which was in every particular in accordance with the provisions of the statute, that impairs the State's right of appeal as an aggrieved party under A.R.S. § 12–2101 and Rule 73(a) of our Rules of Civil Procedure. Indeed, A.R.S. § 12–1127, paragraph A, setting forth the procedural steps by which the State may gain use of property after judgment is entered *"or pending an appeal"* therefrom, seems to contemplate a right of appeal by the State, just as paragraph B implies a right of appeal by the condemnee, as to the amount of damages. True, the statute does not explicitly provide for recovery by the State from the condemnee of any amount deemed excessive upon appeal. But, assuming that an excessive award might be found in an appropriate case, the interpretation of the statute for which appellees contend would mean that, whenever the State sought use of property before conclusion of an appeal, as provided for by the statute, the condemnee would gain a fixed right, not to "just compensation", but, if awarded, to excessive, unjust compensation—a result hardly consistent with the legislature's enactment and beyond the "just compensation" which the Constitution requires. We are necessarily given to examine the whole of the statute and the guides therein to interpret its meaning fairly and sensibly. See Frankfurter, Some Reflections On The Reading Of Statutes, 47 Columbia Law Review 527. The preservation of a right of appeal is not only most consistent with the statutory language employed, but also seems a not unsensible course, which, when reading the whole of the statute, deprives appellees of nothing in the way of "just compensation".

■ It was on appellees' application that they obtained payment in full of their judgment. They then voluntarily waived whatever other defenses they had, if any, except as to damages. In short, the entire chain of events occurring subsequent to judgment appear to us to have been put in motion by appellees. It would certainly

be an anomaly in the law to say that the acts of the appellee could constitute a waiver by appellant of any of its rights. The State cannot waive any legal right it has in its performance of a constitutional mandate. In Fisher v. District Court (Yavapai County), 4 Ariz. 254, 36 P. 176, the Territorial Court of Appeals in construing section 18 of the Eminent Domain Act (Rev.Stats.Ariz.1887, par. 1778), which is substantially identical with A.R.S. § 12–1127(A) and (B) after quoting the statute in full, stated that it was mandatory upon the trial court to order money deposited with it for the owner of the land involved in the condemnation proceeding to pay it to the condemnee, when application was made therefor, and that it was error for the court to order the money held pending an appeal by the State.

For the reasons above stated, the motion to dismiss the appeal is denied. It is so ordered.

UDALL and BERNSTEIN, JJ., concurring.

JOHNSON, Justice (dissenting).

I disagree with the majority opinion.

A.R.S. Title 12, Chapter 8, Article 2, entitled Eminent Domain, is taken substantially verbatim from California, Viliborghi v. Prescott School Dist. No. 1, 55 Ariz. 230, 100 P.2d 178, and we have repeatedly held that where a statute is adopted almost verbatim from another state we will either adopt the construction given it where it originated or look to such construction as of persuasive force if it is sound or reasonable. Stewart v. Verde River Irrigation & Power Dist., 49 Ariz. 531, 68 P.2d 329; Arizona State Tax Comm. v. Tucson Gas, Electric Light & Power Co., 55 Ariz. 472, 103 P.2d 467; Western Coal & Mining Co. v. Hilvert, 63 Ariz. 171, 160 P.2d 331.

A.R.S. § 12–1127, quoted at length in the majority opinion, is almost verbatim Section 1254, West's Ann.Calif.C.C.P., which was enacted in that state in 1872, and amended from time to time thereafter. This section has been interpreted by the District Court of Appeals of California in Mt. Shasta Power Corporation v. Dennis, 66 Cal.App. 186, 225 P. 877, and thereafter a rehearing was denied by the Supreme Court of that state.

In Mt. Shasta Power Corp. v. Dennis, supra, the corporation brought an action to condemn certain riparian rights. After the interlocutory judgment had been entered the condemnor appealed. The condemnor had paid the amount of the award into court, and took possession of the premises sought to be condemned. It was held that payment of the judgment and taking possession of the property as provided by statute constituted a waiver of a right to appeal and that where the condemnor found it more profitable to comply with the judg-

ment and accept the fruits thereof than to suffer losses incident to an appeal, it cannot be said to render compliance with the judgment compulsory as affecting the waiver of the right to appeal. The court also stated that there was no provision, constitutional or statutory, giving the condemnor any right to recover any part of the compensation paid into court for the condemnee under the provisions of the statute, in the event of a judgment for a smaller sum upon a second trial.

Since the Mt. Shasta decision in 1924, the Supreme Court of California has approved of the rule announced in that case, and as late as 1958 reaffirmed its previous holding. G. H. Deacon Inv. Co. v. Superior Court, 1934, 220 Cal. 392, 31 P.2d 372; City of Los Angeles v. Deacon, Cal. App.1934, 34 P.2d 183 and later affirmed in 3 Cal.2d 641, 46 P.2d 165; In re Poisl's Estate, 1957, 48 Cal.2d 334, 309 P.2d 817; People by and through the Department of Public Works v. Loop, Cal.App.1958, 326 P.2d 902.

I believe that the construction placed on the statute by the California courts, particularly in the Mt. Shasta case, should be adopted in construing A.R.S. § 12–1127. This statute requires that the court pay to the property owner the damages awarded by the jury so deposited by the state, but it makes no provision or requirement that any part of it shall be repaid in the event a smaller amount is obtained on a second trial. What then can the state gain by an appeal? This problem was answered in the Mt. Shasta case, where the court stated, 225 P. at page 881:

"Under statutes of other states autorizing a condemning party to take possession upon payment of the award and providing that the plaintiff shall be required to pay any additional sum awarded the defendant upon a second hearing, but making no provision for a recovery by the plaintiff in the event of a diminished second award, it has been held that by payment and entry into possession the plaintiff waives the right of appeal. Mayor, etc., of Jersey City v. Hamilton, 70 N.J.L. 48, 56 A. 670; Oregon Electric Ry. Co. v. Terwilliger [Land Co.], 51 Or. 107, 93 P. 334, 930; City of Portland v. Schmid, 82 Or. 465, 161 P. 560; City of Spokane v. Cowles, 67 Wash. 539, 121 .P. 463. * * *"

The constitutional and statutory provisions on eminent domain in the state of Washington are similar to those in this state. The state of Washington in two recent cases, State v. Smithrock Quarry, Inc., 49 Wash.2d 623, 304 P.2d 1043 and State v. Laws, 51 Wash.2d 346, 318 P.2d 321, 322 P.2d 134, have passed on the identical problem here involved.

The Smithrock Quarry case, supra, was a condemnation action where the state had deposited the full amount of the judgment

with the court and the funds were disbursed to the landowner who accepted it and satisfied the judgment; and thereafter the state gave notice of appeal. The Supreme Court of that state held that the appeal should be dismissed on the ground that it is moot because the judgment had been paid in full. That even though the state had a clear statutory right to appeal, such a right can avail the state nothing where the subject matter of the appeal is moot.

In the Laws case, supra, the state had paid into court the full amount of the judgment, at which time the state indicated that it was reserving the right to appeal. The state then took possession of the property condemned. The money, at the time of the decision, was still in the depository of the court. The problem presented was to determine whether or not the state, by paying into court the amount of the award, plus costs, and by taking possession of the property, waived its appeal. The court held that the appeal should be dismissed and stated:

"Under the statute, either party may appeal. No appeal by the property owner shall operate to prevent the state from taking possession of the property pending such appeal, if the amount of the award shall have been paid into court. The state, on the other hand, cannot take possession of the property and also wage an appeal from the judgment on the verdict. In order to take possession of the property, it must first accept the award of the jury and pay it into court for the benefit of the owner; as soon as it does so, it waives its right of appeal. The state 'cannot have its cake and eat it too.'

"The state, in this case, has paid the amount of the award, plus costs, into court and has taken possession of the property. By doing so, it has accepted the award of the jury. The issue of 'the propriety and justness of the amount of damage' is no longer an issue. The question is moot." State v. Laws, supra, 318 P.2d at page 322.

The state was given the option under A.R.S. § 12–1127 of retaining possession of the land taken and paying the judgment or of returning the land taken to the landowner and preserving its right to appeal. It chose to remain in possession and deprive the landowner of a portion of his land and the state is now bound by the choice made.

I would grant the motion to dismiss the appeal.

STRUCKMEYER, J., concurs in this dissent.