204 P.3d 447

CITY OF PHOENIX, a municipal corporation, Plaintiff/Appellant,

v.

Lynn A. JOHNSON, an unmarried woman, Defendant/Appellee.

No. 1 CA–CV 07–0756.

Court of Appeals of Arizona, Division 1, Department A.

March 3, 2009.

Gust Rosenfeld, P.L.C. by Richard A. Segal, David A. Pennartz, Phoenix, Attorneys for Plaintiff/Appellant.

Martin & Bell, L.L.C. by Douglas G. Martin, Adam G. Breeze, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

BARKER, Judge.

¶ 1 This matter deals with the condemnation of property by the City of Phoenix ("the City") for land acquired in the development of the City's light rail transit system. We hold that the right to payment under Arizona Revised Statutes ("A.R.S.") section 12–1127(B) (2003) is not subject to the automatic stay provision of Arizona Rule of Civil Procedure ("Rule") 62(g).

### Facts and Procedural History

¶ 2 Lynn A. Johnson ("Johnson") owned two parcels of property located on Camelback Road, just west of Central Avenue, at 125 and 155 West Camelback Road. Both properties were zoned C–2, and Johnson operated a bar on each of the properties. On March 7, 2005, the City filed a complaint to acquire Johnson's bar properties for the light rail public transit project. The right-to-take issues were resolved on April 8, 2005, as part of an immediate possession proceeding. Therefore, the sole issue at trial was the amount of just compensation due Johnson.

¶ 3 The jury returned a verdict awarding Johnson $1,046,650 for the taking. Shortly after trial, the City filed a motion for new trial and for remittitur.[1] The trial court denied the City's motion for new trial on August 20, 2007. Under protest, the City paid the remaining amount of the judgment by depositing the funds with the clerk of the superior court, pursuant to A.R.S. §§ 12–1124 and 12–1127. In its notice of payment, the City argued that the automatic stay provision of Rule 62(g) should be triggered im-

mediately upon the City's filing its notice of appeal and, consequently, that the court should not release the funds to Johnson until after the appeal was decided.

¶ 4 Johnson filed an application for release of funds held by the court on September 4, 2007. The City filed a notice of appeal on September 17, 2007. The trial court rejected the City's argument that the payment to Johnson should be stayed and entered a post-judgment order on October 1, 2007, releasing the funds to Johnson. The City then amended its notice of appeal to include the post-judgment order.

¶ 5 We have jurisdiction pursuant to A.R.S. § 12–2101(B), (C), and (F)(1) (2003).

### Issues

¶ 6 The City raised four issues on appeal. In this opinion, we address only the issue of whether the automatic stay provision of Rule 62(g) governs over A.R.S. § 12–1127 as to payment of a condemnation judgment. We address the remaining issues in a separate memorandum decision filed this date pursuant to Arizona Rule of Civil Appellate Procedure 28(g).[2]

### Discussion

¶ 7 The City claims that the trial judge erred by releasing the monies it paid into court pursuant to the jury's verdict. We disagree.

¶ 8 Arizona Revised Statutes § 12–1127(B) provides:

> The defendant or defendants who are entitled to the money paid into court upon any judgment *may demand and receive the*

---

1. While the motion was pending, Johnson's counsel wrote a letter to the City demanding payment of the remaining principal amount of the judgment plus statutory interest and costs awarded within five days of the court's ruling on the City's motion. Johnson's counsel stated that if payment was not made shortly after the court's denial of the motion, Johnson would seek to annul the entire proceedings as permitted under Arizona law. *See* A.R.S. § 12–1124 (2004) ("If the money is not so paid or deposited, ... the court ... shall set aside and annul the entire proceedings, and restore possession of the property to defendant or defendants, if possession has been taken by plaintiff."); *City of Phoenix v. McCullough*, 24 Ariz.App. 109, 112, 536 P.2d

230, 233 (1975) ("It is therefore clear that it is ... the failure to pay after judgment is rendered which will 'annul the entire proceedings.'" (quoting A.R.S. § 12–1124)).

2. Arizona Rule of Civil Appellate Procedure 28(g) provides:

> When the court issuing a decision concludes that only a portion of that decision meets the criteria for publication as an opinion, the court shall issue that portion of the decision as a published opinion and shall issue the remainder of the decision as a separate memorandum decision not intended for publication.

*money at any time thereafter* upon an order of the court. The *court shall, upon application, order the money so paid into court delivered to the party entitled thereto* upon his filing either a satisfaction of the judgment or a receipt for the money, and an abandonment of all defenses to the action or proceeding except as to the amount of damages to which he may be entitled if a new trial is granted. Such payment shall be deemed an abandonment of all defenses, except the party's claim for greater compensation.

(Emphasis added.) Rule 62(g) provides in relevant part that "[m]oney judgments against the state or agency or political subdivision thereof, are automatically stayed when an appeal is filed." This issue requires us to decide whether A.R.S. § 12–1127 and Rule 62(g) conflict and, if so, which provision controls. Interpretation of rules, statutes, and constitutional provisions raises questions of law, which are reviewed *de novo. State v. Hansen,* 215 Ariz. 287, 289, ¶ 6, 160 P.3d 166, 168 (2007). For the reasons stated below, we hold that the two provisions do conflict and that A.R.S. § 12–1127 controls. Thus, the trial court did not err by disbursing funds to Johnson pursuant to the statute.

### 1. The Rule and the Statute Conflict

¶ 9 When construing statutes, we apply " 'fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction.' " *Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 214 Ariz. 293, 296, ¶ 8, 152 P.3d 490, 493 (2007) (quoting *Janson ex rel. Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)). We employ the same approach when interpreting supreme court rules. *State ex rel. Romley v. Superior Court (Stewart),* 168 Ariz. 167, 168–69, 812 P.2d 985, 986–87 (1991). Rules and statutes "should be harmonized wherever possible and read in conjunction with each other." *Phoenix of Hartford, Inc. v. Harmony Rests., Inc.,* 114 Ariz. 257, 258, 560 P.2d 441, 442 (App.1977). However, "[a]lthough we attempt to construe statutes and rules in a way

that averts needless constitutional tension, we cannot create harmony where none exists." *Hansen,* 215 Ariz. at 289, ¶ 8, 160 P.3d at 168 (citation omitted).

¶ 10 Applying these principles, we conclude that Rule 62(g) and A.R.S. § 12–1127(B) cannot be harmonized. The statute and the rule contain directly contradictory instructions as to whether post-judgment payments made into the court are to be released or held pending appeal. The statute states that the court *"shall,* upon application, order the money so paid into court delivered to the party entitled thereto," A.R.S. § 12–1127(B) (emphasis added), while the rule directs that "[m]oney judgments against the state or agency or political subdivision thereof, are automatically stayed when an appeal is filed," Ariz. R. Civ. P. 62(g). Our cases have specifically held that A.R.S. § 12–1127(B) requires the court to order payment to the defendant even when the plaintiff-condemnor appeals on the basis that the amount awarded is excessive. *See Fisher v. District Court,* 4 Ariz. 254, 256, 36 P. 176, 177 (1894); *State ex rel. Herman v. Jacobs,* 7 Ariz.App. 396, 403, 440 P.2d 32, 39 (1968).

¶ 11 In Jacobs, this court squarely addressed the issue of whether a trial court may refuse a condemnee's demand for funds held by the court if the State is appealing. The State contended that the condemnees "should not have been permitted to have their judgment satisfied if the State proceeded with a motion for new trial or an appeal which could result in a reversal of the judgment." *Jacobs,* 7 Ariz.App. at 402, 440 P.2d at 38. This court disagreed with the State's contention and stated the following:

[A] review of the case law interpretation of [A.R.S. § 12–1127] reveals that it was incumbent upon the trial judge to release the funds upon compliance with the statute by the appellees. In *Fisher v. District Court,* 4 Ariz. 254, 36 P. 176 (1894), the territorial appellate court construed Section 18 of the Eminent Domain Act which was substantially identical to A.R.S. § 12–1127, subsec. A and 12–1127, subsec. B. In that case, the court stated that it was *"mandatory upon the court to order the payment of the money"* to the condemnee

*when application was made therefor and it was error for the trial court to order the money held pending an appeal by the State.* The Fisher case was later approved by our State Supreme Court in *State ex rel. Morrison v. Jay Six Cattle Company,* 85 Ariz. 220, 335 P.2d 799 (1959).

*Id.* at 402–03, 440 P.2d at 38–39 (emphasis added). Thus, the trial court properly disbursed the funds upon the condemnee's application because it was "mandatory" that the trial court do so. *See id.* at 403, 440 P.2d at 39.

¶ 12 Although our cases are clear in determining that A.R.S. § 12–1127 requires payment to a defendant even in the face of an appeal by the State, those cases have been equally clear in *not* resolving issues presented by conflicting court rules. As we stated in *Jacobs:*

> We have not been called upon to give consideration to whether the State could have invoked Rule 62(b) of the Rules of Civil Procedure, 16 A.R.S. relating to temporary stays pending a motion for new trial or to the applicability of Rule 73(k) relating to supersedeas bonds.

*Id.* Likewise, our cases have not resolved the question of whether Rule 62(g) prevails or whether A.R.S. § 12–1127 is preeminent. It is to that question that we now turn.

### 2. The Statute Is Substantive

■ ¶ 13 The Arizona Constitution gives the legislature those powers "not expressly prohibited or granted to another branch of the government." *Adams v. Bolin,* 74 Ariz. 269, 283, 247 P.2d 617, 626 (1952). Because the Constitution "vests the power to make procedural rules exclusively in [the supreme] court[,] . . . the legislature lacks authority to enact a statute 'if it conflicts with or "tends to engulf" ' [the supreme] court's constitutionally vested rulemaking authority." *State ex rel. Napolitano v. Brown,* 194 Ariz. 340, 342, ¶ 6, 982 P.2d 815, 817 (1999) (quoting *State v. Robinson,* 153 Ariz. 191, 197, 735 P.2d 801, 807 (1987)). Consequently, when a rule and statute conflict, we will "inquire into whether the matter regulated can be characterized as substantive or procedural, the former being the legislature's prerogative and

the latter the province of [the Arizona Supreme] Court." *Hansen,* 215 Ariz. at 289, ¶ 9, 160 P.3d at 168.

■ ¶ 14 Our supreme court has provided guidance on how to distinguish substantive matters from those that are procedural:

> Uniformly, the substantive law is that part of the law which creates, defines and regulates rights; whereas the adjective, remedial or procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion.

*State v. Birmingham,* 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964). Consistent with the constitutional separation of powers between the legislative and judicial branches, our supreme court has held:

> Courts cannot enact substantive law. A court is limited to passing rules which prescribe procedure for exercising the right. Any rule of court that operates to lessen or eliminate the right is of no legal force.

*Marsin v. Udall,* 78 Ariz. 309, 312, 279 P.2d 721, 723 (1955). "The substantive law is that part of the law which creates and defines rights." *Daou v. Harris,* 139 Ariz. 353, 358, 678 P.2d 934, 939 (1984). Importantly, "[s]ubstantive rights created by statute cannot be enlarged or diminished by rules promulgated by [the] court." *Id.* at 357, 678 P.2d at 938; *see also Valerie M. v. Ariz. Dept. of Econ. Sec.,* 219 Ariz. 331, 336, ¶ 21, 198 P.3d 1203, 1208 (2009) ("Because the legislature is empowered to set burdens of proof as a matter of substantive law, a valid statute specifying the burden of proof prevails over common law or court rules adopting a different standard.").

¶ 15 To determine whether the defendant-condemnee's right to immediate payment after final judgment is substantive or procedural, some discussion of the constitutional and statutory scheme is helpful. Article 2, Section 17, of the Arizona Constitution provides that "[n]o private property shall be taken or damaged for public or private use without just compensation having first been made, paid into court for the owner . . . ." The constitution requires a prior payment into court to compensate the owner but does

not address whether that payment may be released to the property owner pending appeal. Thus, there is no *constitutional* right to receive immediate payment upon final judgment. That does not resolve, however, whether the *statutory* right is substantive or procedural.

¶ 16 As part of the statutory scheme, the legislature enacted A.R.S. § 12–1127(A), which authorizes the condemnor to "take possession of and use the property until final conclusion of the litigation" as long as the condemnor has "paid into court for defendant or defendants the full amount of the judgment." A.R.S. § 12–1127(A) (2001); *see also* A.R.S. § 12–1116 (Supp.2008) (setting out the procedural steps necessary for condemnor to enter into immediate possession). The practical effect of the statute prevents the condemnor from having to "wait[ ] one or two years for a final judgment on appeal" to enter possession of the property. *State ex rel. Morrison v. Jay Six Cattle Co.*, 85 Ariz. 220, 224, 335 P.2d 799, 801 (1959). The provision that the condemnor make payment into court is mandatory if it is to take possession of or remain in possession of the property. *Id.* ("It is obvious from the provisions of the Constitution and laws of this state that private property may not be taken for public use without just compensation having first been made *or paid into court for the owner.* The portion of the Constitution quoted above is mandatory.").

¶ 17 On the other hand, A.R.S. § 12–1127 also outlines the condemnee's right to receive the "just compensation" that has been paid into court on her behalf. Subsection B provides that the condemnee "may demand and receive the money *at any time thereafter* upon an order of the court." (Emphasis added.) As our cases have held, the statute makes clear that the trial court does not have discretion to withhold the money if a proper application has been filed by the condemnee: "The court *shall*, upon application, order the money so paid into court delivered to the party entitled thereto upon his filing either a satisfaction of the judgment or a receipt for the money ...." A.R.S. § 12–1127(B) (emphasis added); *see also Fisher*, 4 Ariz. at 256,

36 P. at 177; *Jacobs*, 7 Ariz.App. at 402, 440 P.2d at 38.

¶ 18 Applying the pertinent standard to the statutory scheme makes it clear that the condemnee's right to receive monies without delay following a final judgment is a substantive right. It is a far different matter to have monies released to a condemnee-defendant—to be immediately used in any way that party might choose—than to have those monies held by the court and unavailable for use by the condemnee-defendant, requiring her to "wait[ ] one or two years for a final judgment on appeal." *Jay Six Cattle*, 85 Ariz. at 224, 335 P.2d at 801. The legislature has specifically granted the former: the immediate right of condemnee-defendants to have monies released. Rule 62(g), as applied here, takes away that right by forbidding the release of funds for a potentially substantial period of time. As noted above, our cases hold that "[a]ny rule of court that operates to *lessen or eliminate* the [substantive] right is of no legal force." *Marsin*, 78 Ariz. at 312, 279 P.2d at 723 (emphasis added). "Substantive rights created by statute cannot be enlarged or *diminished by* rules promulgated by [the] court." *Daou*, 139 Ariz. at 357, 678 P.2d at 938 (emphasis added). Rule 62(g), as applied, violates these provisions. Thus, Rule 62(g) is not enforceable when it impinges on the right to immediate payment under A.R.S. § 12–1127.

¶ 19 We recognize that there is an element of unfairness that jumps off the page when considering that monies still at issue on appeal not only *may* be disbursed, but *must* be disbursed if sought, to the detriment of the appealing party, who ultimately may prevail and be entitled to those funds. Should the condemning authority prevail on appeal, those funds may by that time be spent and no longer available. However, this right to immediate disbursement is precisely the right that the legislature has granted to condemnee-defendants. The legislature is free to modify it if it chooses. The unusual nature of the right reinforces to us that it is substantive rather than procedural, as it provides an entitlement to monies that the court is not otherwise able to grant.

¶ 20 This substantive right of the condemnee of immediate access to monies upon

entry of a final judgment parallels the condemnor's right of immediate possession. *See Gardiner v. Henderson,* 103 Ariz. 420, 424, 443 P.2d 416, 420 (1968) (stating that the "immediate taking of possession of property by a municipality is a taking of property" and that "'our law[s] clearly contemplate compensation to the owner [i]n money at the time or before his property is taken.'" (quoting *Mandl v. City of Phoenix,* 41 Ariz. 351, 355, 18 P.2d 271, 272 (1933))). Just as the condemnor is not prevented from making use of condemned property until final judgment on appeal, by statute, condemnees are not required to wait until final judgment on appeal to actually receive and make use of their compensation.

¶ 21 Because A.R.S. § 12–1127(B) is a substantive provision, the trial court was correct in releasing funds to Johnson upon her application to the court. There was no error.

### Conclusion

¶ 22 For these reasons, and those in the accompanying memorandum decision, we affirm.

CONCURRING: MICHAEL J. BROWN, Presiding Judge, and MARK W. REEVES, Judge *.

---

* NOTE: The Honorable Mark W. Reeves, Judge of the Yuma County Superior Court, has been authorized to participate in the disposition of this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Article 6, Section 3, of the Arizona Constitution and A.R.S. §§ 12–145 to –147 (2003).