IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| PIMA COUNTY, a political subdivision of the State of Arizona, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 2 CA-SA 2010-0008 DEPARTMENT A |
| HON. STEPHEN F. McCARVILLE, Judge of the Superior Court of the State of Arizona, in and for the County of Pinal, | ) ) ) ) | O P I N I O N |
| Respondent, | ) ) | |
| and | ) ) | |
| DOS PICOS LAND LIMITED PARTNERSHIP, an Arizona Limited Partnership; HARRY W. SHEPARD and PATRICIA P. SHEPARD, husband and wife, | ) ) ) ) ) | |
| Real Parties in Interest. | ) ) | |

SPECIAL ACTION PROCEEDING

Cause No. CV-2005-00478

JURISDICTION ACCEPTED; RELIEF GRANTED

Barbara LaWall, Pima County Attorney
　By Thomas Weaver, Jr. and Andrew L. Flagg　　　　　　　　　　　　Tucson
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Petitioner

Ayers & Brown, P.C.
　By Charles K. Ayers and Melinda A. Bird　　　　　　　　　　　　Phoenix
　　　　　　　　　　　　　　　　　　　Attorneys for Real Parties in Interest

K E L L Y, Judge.

¶1        This petition for special action follows the respondent judge's entry of final judgment in an inverse-condemnation action.  An appeal from portions of that judgment is presently pending in this court.  *See Dos Picos Land Ltd. P'ship v. Pima County*, No. 2 CA-CV 2009-0186.  Petitioner Pima County seeks relief from the respondent judge's order of January 27, 2010, directing it to pay to the real parties in interest the entire unpaid balance of the judgment, notwithstanding the pendency of the County's appeal and the provision of Rule 62(g), Ariz. R. Civ. P., that "[m]oney judgments against the state or agency or political subdivision thereof, are automatically stayed when an appeal is filed."

¶2        The real parties in interest, Dos Picos Land Limited Partnership and Harry and Patricia Shepard (collectively, "Dos Picos"),[1] owned parcels of real property affected by a Pima County ordinance that restricts access to and development of the property.[2] Dos Picos brought an inverse condemnation against the County, and the respondent judge

---

[1]Dos Picos Land Limited Partnership is an Arizona limited partnership. Harry Shepard is its general partner, and Harry and Patricia Shepard are two of five limited partners.  Dos Picos owns 165 acres of the property at issue, and the Shepards individually own a contiguous, twenty-acre parcel.  For ease of reference, we use "Dos Picos" to include the Shepards individually as well as the Dos Picos limited partnership.

[2]The two affected parcels are the southwesternmost portion of a larger parcel owned by Dos Picos.  The two smaller parcels are surrounded on three sides—east, west, and south—by the County-owned Tucson Mountain Park.  On the north, the County's hillside-development ordinance protects a prominent ridgeline that runs from east to west across the northern end of the two parcels.  The ridge forms part of a "critical wildlife corridor" on property the County deems "an ecologically sensitive area."

2

ruled as a matter of law that the County's actions constituted a taking of the southern portion of the Dos Picos property. A jury then determined the fair market value of the property taken to be $1,466,455.

¶3 On October 23, 2009, the respondent judge entered judgment against the County and in favor of Dos Picos for that principal amount plus the following additional sums: $104,786 for appraisal and engineering fees, $10,495.87 for nontaxable costs, and $366,439 for attorney fees pursuant to A.R.S. § 11-972(B);[3] $6,162.70 for taxable costs pursuant to A.R.S. § 12-341; and interest on all amounts at the rate of ten percent per annum.

¶4 Pima County filed a notice of appeal on November 12, 2009, challenging only the awards pursuant to § 11-972(B) totaling $481,721 for Dos Picos's appraisal, engineering, and attorney fees and nontaxable costs and the award of interest at the ten percent rate on all sums included in the judgment. The County has not challenged the

---

[3]Entitled "Litigation expenses," § 11-972 provides in part:

> B. If an inverse condemnation proceeding is initiated by the owner of any right, title or interest in real property because of the alleged physical taking of the owner's property for any public purpose, the court that renders judgment for the plaintiff in the proceeding and that awards compensation for the physical taking of property, or the acquiring agency that effects a settlement of any such proceedings, shall determine and award or allow to the plaintiff as a part of the judgment or settlement an amount that, in the opinion of the court or the acquiring agency, will reimburse the plaintiff for the plaintiff's reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of the proceeding.

3

fact of the taking or the amount the jury determined to be the fair market value of the property. In October 2009, the County tendered payment to Dos Picos of $1,554,231.34, representing the principal amount of the judgment together with interest through October 7, 2009, followed on October 9 by the tender of an additional $1,245.51 in interest. In November 2009, the County also paid Dos Picos $6,162.70 for taxable costs. Thus, the only amounts that remain unpaid are the litigation expenses and accruing interest the County is challenging on appeal.

**¶5** On November 2, 2009, before the County filed its notice of appeal, Dos Picos had filed a "motion to enforce payment of judgment," seeking immediate payment of the full amount remaining due under the judgment. In support of its request, Dos Picos cited A.R.S. § 12-1127(B); *City of Phoenix v. Johnson*, 220 Ariz. 189, 204 P.3d 447 (App. 2009), and *State ex rel. Herman v. Jacobs*, 7 Ariz. App. 396, 440 P.2d 32 (1968). The County opposed the motion, arguing that § 12-1127(B) is inapplicable in inverse-condemnation actions, that the County's notice of appeal deprived the respondent judge of jurisdiction to rule on Dos Picos's motion, and that Rule 62(g) automatically stayed enforcement of the judgment pending the outcome of the appeal.

**¶6** The respondent judge granted Dos Picos's motion in a written ruling filed on January 27, 2010. Declaring the holding in *Johnson* to be dispositive of the issue, the respondent ordered the County to pay Dos Picos the remaining amounts due under the judgment, despite the pending appeal. Because we conclude the respondent judge erred as a matter of law, *see* Ariz. R. P. Spec. Actions 3(c); *Althaus v. Cornelio*, 203 Ariz. 597, ¶ 4, 58 P.3d 973, 974 (App. 2002) (court abuses discretion by committing error of law);

4

because the issue presented is a purely legal and potentially recurring question, *see Uhlig v. Lindberg*, 189 Ariz. 480, 481, 943 P.2d 840, 841 (App. 1997) (appropriate to accept special action jurisdiction of recurring legal issues); and because the County has no comparable remedy by appeal, *see* Ariz. R. P. Spec. Actions 1(a) (special action not available when "equally plain, speedy, and adequate remedy by appeal" exists), we accept jurisdiction of the special action and grant relief.

¶7        Unlike the present inverse-condemnation case, *Johnson* was an appeal from a direct-condemnation action governed by A.R.S. §§ 12-1111 through 12-1130. There, the City of Phoenix had sued seeking immediate possession of Johnson's property for a "light rail public transit project." *Johnson*, 220 Ariz. 189, ¶ 2, 204 P.3d at 448; *see* § 12-1116(E) (after filing eminent-domain complaint, plaintiff may seek court order authorizing possession). After a jury determined the amount of compensation to which Johnson was entitled, the city deposited with the court the remaining sum due under the judgment pursuant to §§ 12-1124 and 12-1127.[4] *Johnson*, 220 Ariz. 189, ¶ 3, 204 P.3d at

---

[4]Section 12-1127(A) provides:

> At any time after judgment is entered, or pending an appeal from the judgment to the supreme court, when plaintiff has paid into court for defendant or defendants the full amount of the judgment, and such other amounts as required by the court as a fund to pay further damages and costs which may be recovered in the proceedings, as well as all damages that may be sustained by defendant or defendants if for any cause the property is not finally taken for public use, the superior court in which the action was tried may, upon notice of not less than ten days, authorize plaintiff, if already in possession, to continue therein, or if not, then to take possession of and use the property until final conclusion of

448. Johnson then applied for the disbursement of those funds pursuant to § 12-1127(B).[5] The city opposed the disbursement, pending appeal, based on Rule 62(g). *Johnson*, 220 Ariz. 189, ¶¶ 3-4, 204 P.3d at 448.

¶8         On appeal, this court found the provisions of § 12-1127(B) and Rule 62(g) were in direct conflict and could not be harmonized. *Id.* ¶ 10. We concluded that a condemnee's right under § 12-1127(B) to receive the monies paid into court by a public entity pursuant to § 12-1127(A) is a substantive right created by the legislature that a court-created rule may not restrict. *Id.* ¶ 18. Thus, we held in *Johnson*, "Rule 62(g) is not enforceable when it impinges on the right to immediate payment under A.R.S. § 12-1127." *Id.*

¶9         Here, in contrast to *Johnson*, no similar conflict exists with Rule 62(g) because this was an inverse-condemnation action and therefore not expressly subject to the statutes governing eminent domain. *Calmat of Ariz. v. State ex rel. Miller*, 176 Ariz.

---

the litigation, and may, if necessary, stay all actions and proceedings against plaintiff on account thereof.

[5]Section 12-1127(B) provides:

The defendant or defendants who are entitled to the money paid into court upon any judgment may demand and receive the money at any time thereafter upon an order of the court. The court shall, upon application, order the money so paid into court delivered to the party entitled thereto upon his filing either a satisfaction of the judgment or a receipt for the money, and an abandonment of all defenses to the action or proceeding except as to the amount of damages to which he may be entitled if a new trial is granted. Such payment shall be deemed an abandonment of all defenses, except the party's claim for greater compensation.

6

190, 192, 859 P.2d 1323, 1325 (1993) (state constitution requires compensation to owners of property injured by inverse condemnation "even though no specific statutory procedure governs this recovery"). Our courts on occasion have applied a specific direct-condemnation statute in an inverse-condemnation action when "the similarities between direct and inverse condemnation actions" made the application "logical[]." *Id*. at 193, 859 P.2d at 1326; *see, e.g.*, *State v. Hollis*, 93 Ariz. 200, 203, 379 P.2d 750, 751 (1963) (venue provision applied). But our supreme court has held the legislature did not "intend[] the wholesale application of direct condemnation statutes to inverse condemnation actions," *Calmat*, 176 Ariz. at 193, 859 P.2d at 1326, and thus declined to apply the statutorily prescribed date of valuation in an inverse condemnation action. *Id.* at 195, 859 P.2d at 1328.

¶10 Because § 12-1127 applies to direct-condemnation actions and has no statutory counterpart governing inverse-condemnation proceedings, no statute here directly conflicts with Rule 62(g) as in *Johnson*. Moreover, because this case involves only unpaid litigation expenses recoverable under § 11-972(B), we do not find it necessary to incorporate § 12-1127 into this inverse-condemnation action in order to effectuate "the spirit and purpose behind the law of eminent domain." *Calmat*, 176 Ariz. at 195, 859 P.2d at 1328. Additionally, in mandating that the plaintiff in an inverse-condemnation action recover the "reasonable costs, disbursements and expenses . . . incurred because of the proceeding," § 11-972(B) requires only that those amounts be included in any judgment or settlement, not that they be paid upon demand or before an appeal. *See Calmat*, 176 Ariz. at 192-93, 859 P.2d at 1325-26 (legislature may specify

7

"some convenient time" for assessing value), *citing Desert Waters, Inc. v. Superior Court*, 91 Ariz. 163, 173, 370 P.2d 652, 659 (1962). And, in the event of a successful appeal, the possible difficulty of recovering public funds used to pay litigation expenses also militates in favor of applying Rule 62(g) when no conflicting statute prevents its application.

¶11 Because no inverse-condemnation statute conflicts with Rule 62(g), *Johnson* is not dispositive in this case. Thus, the respondent judge erred as a matter of law, and thereby abused his discretion, in granting Dos Picos's motion based on *Johnson*. We conclude Rule 62(g) applies by its terms to stay the enforcement of the money judgment for litigation expenses from which the County has appealed. Accordingly, we accept jurisdiction of this special action, grant the relief requested, and vacate the respondent judge's ruling of January 27, 2010.


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge


CONCURRING:


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge


/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Presiding Judge


8